Dr. Orly Taitz
Attorney-at-Law
Orly Taitz Law Offices
26302 La Paz, Suite 211
Mission Viejo, California 92691
Telephone: (949) 683-5411
E-Mail: dr_taitz@yahoo.com

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
SANTA ANA (SOUTHERN) DIVISION

| | | |
|---|---|---|
| Alan Keyes, Ph.D., Willey S. Drake, and Markham Robinson, | § § | |
| Plaintiffs, | § § | **Civil Action No.:** |
| | § | **SACV09-00082-DOC (Anx)** |
| v. | § § | |
| Barack H. Obama, et al., | § | |
| Defendants. | § | |

**MOTION FOR CLARIFICATION RE: NOTICE OF DEFICIENCY &
REQUEST FOR EVIDENTIARY HEARING ON DEFAULT**

On Wednesday, June 10, 2009, this Court's Deputy Clerk A. DeAvila issued the

second Notice of Deficiency: Default to the above-designated counsel for Plaintiffs

issued within ten days of the first Notice of Deficiency regarding Proof of Service

(Docket Repot Document 8) signed on June 1, 2009, by Deputy Clerk R. La Chapelle.

There were two points of deficiency noticed on June 1, 2009, namely that "the

name of the person served does not match the complaint" and that "proof of service is

lacking required information--No statute cited (see notice from the clerk on court's

website 11/18/03).

On June 2, 2009, submitted the June 2, 2009, "General Affidavit" of Process

server Mary Ann McKiernan as Document 10-2 along with Plaintiff's "Second Amended

Motion for Default."

The 11/18/2003 Notice from the Clerk of the United States District Court for the

Central District of California states that "all returns of service of process....will require

the following information for a default by the Clerk to be entered: 1. The statute under

which process was served, Federal Rule of Civil Procedure 4(e)((1)...." The Second

Amended Motion for Default filed on June 2, 2009, as Document 10, stated that Plaintiffs

had effected service by and through Rule 4(e) of the Federal Rules of Civil Procedure.

The June 2, 2009, affidavit of Mary Ann McKiernan also specified and set forth

in detail the names of the persons served and the history of Mary Ann McKiernan's

diligent efforts to serve the lead Defendant on February 10, 2009 at several different

addresses in Washington, D.C.. Mary Ann McKiernan specifically stated that she had

served "a male Mail clerk" who "came out and took the papers" on behalf of the United

States Department of Justice, which was the officer to which the White House Legal

Counsel had referred the process servers.

The name of this male Mail Clerk officer was not made available to the process

server and could not be entered on the proof of service. However, the process server's

detail of due diligence seems irrefutable and fully consistent with the purpose and

provisions of Rule 4(e).

The full text of Rule 4(e) of the Federal Rules of Civil Procedure state as follows:

> (e) Serving an Individual Within a Judicial District of the United States.
> Unless federal law provides otherwise, an individual--other than a minor,
> an incompetent person, or a person whose waiver has been filed--may be
> served in a judicial district of the United States by:
>   (1) following state law for serving a summons in an action brought in
> courts of general jurisdiction in the state where the district court is located
> or where service is made; or
>   (2) doing any of the following:
>       (A) delivering a copy of the summons and of the complaint to the
>           individual personally;

*Motion for Clarification of June 10, 2009, Notice of Deficiency Default/*
*Default Judgment and Request for Evidentiary Hearing on Default*

2

(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(C) **delivering a copy of each to an agent authorized by appointment or by law to receive service of process.**

The undersigned counsel has highlighted section (e)(2)(C) of Rule 4 and submits that the June 2, 2009, affidavit of Mary Ann McKinernan is incontrovertible proof of proper service of process under Rule 4(e)(2)(C).

The June 10, 2009 (Docket Report Document 12) signed by A. DeAvila omits the first item checked on the June 1, 2009, notice (namely that the names on the complaint and proof of service did not match), but again checked the "Proof of Service is lacking required information" box without the typewritten addition of reference to the 11/18/2003 Notice from the Clerk of the CDCA or any other information.

Since the June 2, 2009, Second Amended Motion for Default and Accompanying Affidavit of Mary Ann McKiernan provided the full history of the attempted service, including the identity and title of the person served and the full repertoire of names of the lead Defendant, it would seem that no further objections to the Proof of Service of Process remain and default should now be entered and an evidentiary hearing set to prove up the relief requested, to which Plaintiffs are now entitled by reason of Default.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs move and request a clarification of what information, if any is still lacking in the record regarding Proof of Service on the lead defendant, and that this Court now set an evidentiary hearing on Plaintiffs' Motion for Default.

Respectfully submitted,

Thursday, June 11, 2009

By:_____

Dr. Orly Taitz, Esq. (SBN 223433)
Attorney for the Plaintiffs
26302 La Paz, Suite 211
Mission Viejo, California 92691

Telephone (949) 683-5411
E-Mail: dr_taitz@yahoo.com

*Motion for Clarification of June 10, 2009, Notice of Deficiency Default/*
*Default Judgment and Request for Evidentiary Hearing on Default*

4