Dr. Orly Taitz
Attorney-at-Law
Orly Taitz Law Offices
26302 La Paz, Suite 211
Mission Viejo, California 92691
Telephone: (949) 683-5411
E-Mail: dr_taitz@yahoo.com

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
SANTA ANA (SOUTHERN) DIVISION

| | |
|---|---|
| Alan Keyes, Ph.D., Willey S. Drake, and Markham Robinson,<br>　　　　Plaintiffs,<br><br>v.<br><br>Barack H. Obama, et al.,<br>　　　　Defendants. | **Civil Action No.:**<br>**SACV09-00082-DOC (Anx)** |

<u>MOTION FOR RECONSIDERATION OF ORDER TO SHOW CAUSE OR IN THE ALTERNATIVE TO CERTIFY QUESTION FOR APPEAL 28 U.S.C. §1292, AND **VOLUNTARY DISMISSAL PURSUANT TO RULE 41(A)(1) OF COUNTS TWO AND THREE** (AND ALL OTHER DEFENDANTS BESIDES BARACK H. OBAMA IN DEFAULT)</u>

On Wednesday, June 10, 2009, this Court's Deputy Clerk A. DeAvila issued the second Notice of Deficiency: Default to the above-designated counsel for Plaintiffs issued within ten days of the first Notice of Deficiency regarding Proof of Service (Docket Repot Document 8) signed on June 1, 2009, by Deputy Clerk R. La Chapelle. And then on Friday, June 12, 2009, this Court filed and entered a minute order "Extending Order to Show Cause, and Finding as Moot Plaintiffs' Motion for

*MOTION FOR RECONSIDERATION OR IN THE ALTERNATIVE TO CERTIFY QUESTION FOR INTERLOCUTORY APPEAL AND NOTICE OF RULE 41(a)(1) VOLUNTARY DISMISSAL OF COUNTS TWO AND THREE* - 1 -

DR. ORLEY TAITZ
FOR THE PLAINTIFFS
26302 LA PAZ SUITE 211
MISSION VIEJO, CALIFORNIA 92691
(949) 683-5411
E-MAIL: DR_TAITZ@YAHOO.COM

Clarification." The June 12, 2009, order stated, "Plaintiffs are directed to Rule 4(i), which addresses service upon the United States and its agencies, corporation, officers, or employees. In light of plaintiffs' efforts, the Order to Show Cause is extended until July 13, 2009, to permit plaintiffs additional time to properly effect service pursuant to F.R.Civ.P.4(i) as to all Defendants."

### NOTICE OF VOLUNTARY DISMISSAL

Count I (for Declaratory Judgment regarding Barack H. Obama's qualifications) are the only portion of Plaintiffs' original Complaint which Plaintiffs wish to pursue at the present time, so that service on the other defendants is irrelevant, and moot, and pursuant to Rule 41(a) Plaintiffs' Voluntarily Dismiss Counts II and III of their Complaint so as to rely exclusively on their right to pursue a judgment by default against Barack H. Obama in Count I.

### RULE 4(e) is the Sole Appropriate Service Required

With regard to the sole remaining Defendant Barack H. Obama, who is the only Defendant actually served within the first 120 days of filing this complaint the sole relevant portion of Rule 4(i)(3) states as follows:

> ***Officer or Employee Sued Individually.*** To serve a United States Officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g).

*MOTION FOR RECONSIDERATION OR IN THE ALTERNATIVE TO CERTIFY QUESTION FOR INTERLOCUTORY APPEAL AND NOTICE OF RULE 41(a)(1) VOLUNTARY DISMISSAL OF COUNTS TWO AND THREE* - 2 -

DR. ORLEY TAITZ
FOR THE PLAINTIFFS
26302 LA PAZ SUITE 211
MISSION VIEJO, CALIFORNIA 92691
(949) 683-5411
E-MAIL: DR_TAITZ@YAHOO.COM

Plaintiffs do not contend that Barack H. Obama (whose pseudonyms listed in style of case incorporated by reference) is either a minor or that he cannot be found within any judicial district of the United States, so neither 4(f) nor 4(g) are relevant.

Ironically enough, Plaintiffs do precisely contend that by serving the Mail Clerk of Department of Justice on February 10, 2009, as indisputably proved in the affidavit of Mary Ann Kiernan already on file with this court, Plaintiffs have satisfied both the requirements of Rule 4(e)(2)(c) 4(i)(3).

However, in this cause of action, Plaintiffs have NOT sued Barack H. Obama (pseudonyms incorporated by reference) "in [his] individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf" (and in fact, the suit was filed on the same day as Barack H. Obama's inauguration as President). Rather, Plaintiffs are suing the Defendant Barack H. Obama for a declaratory judgment concerning his qualifications to assume the title and assume the office of President of the United States, and in particular regarding his duty to disclose issues concerning his pre-Inauguration life which either qualified or disqualified him from being Inaugurated. So there is no justification for requiring service of the United States under Rule 4(i)(3).

*MOTION FOR RECONSIDERATION OR IN THE ALTERNATIVE TO CERTIFY QUESTION FOR INTERLOCUTORY APPEAL AND NOTICE OF RULE 41(a)(1) VOLUNTARY DISMISSAL OF COUNTS TWO AND THREE* - 3 -

DR. ORLEY TAITZ
FOR THE PLAINTIFFS
26302 LA PAZ SUITE 211
MISSION VIEJO, CALIFORNIA 92691
(949) 683-5411
E-MAIL: DR_TAITZ@YAHOO.COM

## MOTION TO RECONSIDER JUNE 12, 2009 MINUTE ORDER OR IN THE ALTERNATIVE 28 U.S.C. §1292(b) MOTION FOR LEAVE FOR INTERLOCUTORY APPEAL

Plaintiffs respectfully submit that this Court's order finding or at least strongly suggesting that 4(e) service is insufficient, and requiring 4(i) service, regarding the subject matter of this lawsuit as against the sole served Defendant Barack H. Obama, is manifestly erroneous and Plaintiffs accordingly request that the Court reconsider its motion.

In the alternative, Plaintiffs move and requests that this Court exercise its sound discretion to CERTIFY A QUESTION for Interlocutory appeal pursuant to 28 U.S.C.§1292(b):

28 USCS § 1292
§ 1292. Interlocutory decisions
(a) Except as provided in subsections (c) and (d) of this section, the courts of appeals shall have jurisdiction of appeals from:
  (1) Interlocutory orders of the district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, and the District Court of the Virgin Islands, or of the judges thereof, granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, except where a direct review may be had in the Supreme Court;
\* \* \* \* \* \* \* \* \* \*
(b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such

*MOTION FOR RECONSIDERATION OR IN THE ALTERNATIVE TO CERTIFY QUESTION FOR INTERLOCUTORY APPEAL AND NOTICE OF RULE 41(a)(1) VOLUNTARY DISMISSAL OF COUNTS TWO AND THREE* - 4 -

DR. ORLEY TAITZ
FOR THE PLAINTIFFS
26302 LA PAZ SUITE 211
MISSION VIEJO, CALIFORNIA 92691
(949) 683-5411
E-MAIL: DR_TAITZ@YAHOO.COM

order, if application is made to it within ten days after the entry of the order: Provided, however, that application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

Plaintiffs submit to the Court that the aforementioned June 12, 2009 minute order of the Court (and the prior Notices of Deficiency and the Court's Order to Show Cause filed in May) converge and focus around a single controlling question of law as to which there is substantial ground for difference of opinion. Plaintiffs frame that question for certification as follows:

> Does Rule 4(e) constitute the proper form of service of a defendant sued as an individual on the day of taking office for the acts and omissions prior to taking office?

Plaintiffs further submit that an immediate appeal will advance the termination of the litigation materially, at a reasonable minimum by as much as a year, possibly more. See, e.g., ***OFS FITEL et al. v. EPSTEIN, BECKER, & GREEN, P.C.*, 549 F.3d 1344, 13__ (11th Cir. Nov. 28, 2008).** In that case, the 11th Circuit praised a rule which preserved a party's right to "candidly tell the court that its ruling is case-dispositive and that it, for efficiency reasons, should consider terminating a case with prejudice due to the case-dispositive nature of the interlocutory order."

Service of process may be case-dispositive in this action. That the American litigation system favors resolution of disputes on the merits rather than on procedural default is undeniable, but denial of well-earned, richly deserved procedural

*MOTION FOR RECONSIDERATION OR IN THE ALTERNATIVE TO CERTIFY QUESTION FOR INTERLOCUTORY APPEAL AND NOTICE OF RULE 41(a)(1) VOLUNTARY DISMISSAL OF COUNTS TWO AND THREE* - 5 -

DR. ORLEY TAITZ
FOR THE PLAINTIFFS
26302 LA PAZ SUITE 211
MISSION VIEJO, CALIFORNIA 92691
(949) 683-5411
E-MAIL: DR_TAITZ@YAHOO.COM

advantage to the Plaintiffs in this case renders the Federal Rules of Civil Procedure themselves NUGATORY.  Why have a rule of default, at all, why make a distinction between private and U.S. Governmental parties as between 4(e) and 4(i) at all within the Federal Rules, if the face of a complaint, and the status of the parties at the time of filing, cannot be used to judge compliance with such a rule which might apply in this case to guarantee victory to the Plaintiff?

It seems to the Plaintiffs unfair and unjust that a Judge could merely set aside a party's default on a whim, for no good legal or equitable reason, based on a change in a party's status, but not the cause of action against him, between filing and service of a suit?   In fact of course, the Court has NOT FORMALLY ACTED to set aside Barack H. Obama's default, because the Clerk has not yet even recorded the default, but by its order of June 12, 2009, the Court has "merely" ordered the Plaintiff to start litigation all over again, as if the past six months had never happened or were no more important than six grains of tidal sand in the surfs at Malibu.

The United State Court of Appeals for the Eleventh Circuit has explained that the phrase "question of law" as used in 28 U.S.C. §1292(b) jurisprudence is a question of "pure" law, matters the court of appeals can decide quickly and cleanly without having to study the "surface of the record." *McFarlin et al. v. Conseco et al.*, 381 F.3d 1251, 1255-8 (11th Cir 2004).  This opinion has been cited and followed this year in the **Ninth Circuit** by the Eastern District of California in *S.A. v. Tulare*

*MOTION FOR RECONSIDERATION OR  IN  THE ALTERNATIVE TO CERTIFY QUESTION FOR INTERLOCUTORY APPEAL AND NOTICE OF RULE 41(a)(1) VOLUNTARY DISMISSAL OF COUNTS TWO AND THREE* - 6 -

DR. ORLEY TAITZ
FOR THE PLAINTIFFS
26302 LA PAZ SUITE 211
MISSION VIEJO, CALIFORNIA 92691
(949) 683-5411
E-MAIL: DR_TAITZ@YAHOO.COM

*County Office of Education and California Department of Education*, CASE NO. CV F 08-1215-LJO-GSA, U.S.D.C. E.D.CA., **2009 U.S. Dist. LEXIS 14828** (Decided on February 10, 2009: ironically enough, this was the very same day that Mary Ann Kiernan effected service of process on *De Facto* President Barack H. Obama through the Department of Justice.

Plaintiffs submit that the question they seek to present to the Court of Appeals in this case is such a quick and clean question, requiring no much deeper examination of the record than a simple review of the Clerk's Docket Report together with the affidavit of Mary Ann Kiernan executed and filed on June 2, 2009.

Section 1292(b) provides for interlocutory appeals from otherwise not immediately appealable orders, if conditions specified in the section are met, the district court so certifies, and the court of appeals exercises its discretion to take up the request for review. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 74, n.10, 117 S.Ct. 467, 136 L.Ed. 437 (1996).

Section 1292(b) requires a two step application process; step one is before the district court for certification of the order, and step two is before the court of appeals for permission to appeal. The certification is discretionary within the power of the trial judge. **S.Repr. 2434, 85th Cong., 2d Sess., 1958, in 1958 U.S. Code Cong. & Admin. News 5255, 5257**. Indeed, the appellate court will not consider the appeal absent written certification by the district court. *Credit Suisse v. U.S. District Ct.,*

MOTION FOR RECONSIDERATION OR IN THE ALTERNATIVE
TO CERTIFY QUESTION FOR INTERLOCUTORY APPEAL AND
NOTICE OF RULE 41(a)(1) VOLUNTARY DISMISSAL OF COUNTS
TWO AND THREE                                - 7 -

DR. ORLEY TAITZ
FOR THE PLAINTIFFS
26302 LA PAZ SUITE 211
MISSION VIEJO, CALIFORNIA 92691
(949) 683-5411
E-MAIL: DR_TAITZ@YAHOO.COM

130 F.3d 1342, 1346 (9th Cir. 1997). A party must obtain certification from both the district court and the court of appeals to bring an interlocutory appeal. *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper,* **254 F.3d 882, 885 (9th Cir. 2001)**. As such, this district court has the authority if not the duty to entertain this petition by Alan Keyes et al for certification of an order for interlocutory order because certification by the district court is the first step in section 1292(b) procedure.

A district court may amend its order to add findings for an interlocutory appeal. F.R.App.P. 5 governs appeals by permission under section1292(b):

> (a) Petition for Permission to Appeal
> (3) If a party cannot petition for appeal unless the district court first enters an order granting permission to do so or stating that the necessary conditions are met, the district court may amend its order, either on its own or in response to a party's motion, to include the required permission or statement.

If a district court determines to certify an order for interlocutory appeal after the order is initially entered, the proper procedure is to amend the order to contain the required certification. **Haas v. Pittsburgh Nat. Bank,** 627 F.2d 677, 679 n.1 (3d Cir. 1980). A certification order that is not directly framed as an amendment of the original order, however, may be treated as an amendment nonetheless. Haas, 627 F.2d at 679 n.1.

*MOTION FOR RECONSIDERATION OR IN THE ALTERNATIVE TO CERTIFY QUESTION FOR INTERLOCUTORY APPEAL AND NOTICE OF RULE 41(a)(1) VOLUNTARY DISMISSAL OF COUNTS TWO AND THREE* - 8 -

DR. ORLEY TAITZ
FOR THE PLAINTIFFS
26302 LA PAZ SUITE 211
MISSION VIEJO, CALIFORNIA 92691
(949) 683-5411
E-MAIL: DR_TAITZ@YAHOO.COM

Plaintiffs Keyes et al. request this Court to amend its orders to show cause, especially but not limited to the Friday, June 12, 2009, order extending show cause, and denying as Moot Plaintiffs' Motions for Clarification, to permit Plaintiffs to pursue an appeal pursuant to section 1292(b). Plaintiffs believe and submit that the need for clarification is not at all moot.

**Controlling Question Of Law**

An order is "controlling" if its resolution could materially affect the outcome of the litigation***. In re Cement Antitrust Litig.*** (MDL No. 296), 673 F.2d at 1026 (trial judge's recusal is a collateral issue). Section 1292(b) appeals should be reserved for "situations in which the court of appeals can rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts." ***McFarlin,* 381 F.3d at 1259**. "The antithesis of a proper § 1292(b) appeal is one that turns on whether there is a genuine issue of act . . ." ***McFarlin,* 381 F.3d at 1259**.

"The legal question must be stated at a high enough level of abstraction to lift the question out of the details of the evidence or facts of a particular case and give it general relevance to other cases in the same area of law." ***McFarlin,* 381 F.3d at 1259**. There is no genuine issue of fact in relation to the service effected by these Plaintiffs on Barack H. Obama, merely a pure question of law as to whether the standards and procedures of service of FRCP Rule 4(e) or 4(i) apply.

*MOTION FOR RECONSIDERATION OR IN THE ALTERNATIVE TO CERTIFY QUESTION FOR INTERLOCUTORY APPEAL AND NOTICE OF RULE 41(a)(1) VOLUNTARY DISMISSAL OF COUNTS TWO AND THREE* - 9 -

DR. ORLEY TAITZ
FOR THE PLAINTIFFS
26302 LA PAZ SUITE 211
MISSION VIEJO, CALIFORNIA 92691
(949) 683-5411
E-MAIL: DR_TAITZ@YAHOO.COM

## PRAYER FOR RELIEF

For all of the above-and-foregoing reasons, Plaintiffs pray that this court will accept and approve the Rule 41(a)(1) voluntary dismissal of Defendants Condoleeza Rice, Mike Hagar, and Robert Mueller, all Defendants except Barack H. Obama, without prejudice, and then and accordingly grant the Plaintiffs relief as follows:

(1) preferentially, for the court to reconsider it's ruling of 06.12.09. and rule that due to the fact that the defendant was sued on the inauguration day as an individual for his actions prior to inauguration, the only applicable form of service is Rule 4e, as was used by the plaintiffs. Rule 4i cannot possibly be applied, since it relates to service upon United States of America, it's officers sued in their official capacity, or in the individual capacity for acts or omissions occurring in connection with duties performed on the United States' behalf, none of which applies in this case. As such the plaintiffs respectfully request the default to be entered.

(2) the second in line of preferences, in terms of both judicial efficiency and accelerating a conclusion to this litigation, but in the alternative, Plaintiffs move, request, and do formally and respectfully pray that this Court will certify the question to the United States Court of Appeals for the Ninth Circuit:

*MOTION FOR RECONSIDERATION OR IN THE ALTERNATIVE TO CERTIFY QUESTION FOR INTERLOCUTORY APPEAL AND NOTICE OF RULE 41(a)(1) VOLUNTARY DISMISSAL OF COUNTS TWO AND THREE* - 10 -

DR. ORLEY TAITZ
FOR THE PLAINTIFFS
26302 LA PAZ SUITE 211
MISSION VIEJO, CALIFORNIA 92691
(949) 683-5411
E-MAIL: DR_TAITZ@YAHOO.COM

Does Rule 4(e) constitute the proper form of service of a defendant sued as an individual on the day of taking office for the acts and omissions prior to taking office?

                              Respectfully submitted,

Sunday, June 14, 2009

By:_____
Dr. Orly Taitz, Esq. (SBN 223433)
Attorney for the Plaintiffs
26302 La Paz, Suite 211
Mission Viejo, California 92691

Telephone (949) 683-5411
E-Mail: dr_taitz@yahoo.com

*MOTION FOR RECONSIDERATION OR IN THE ALTERNATIVE TO CERTIFY QUESTION FOR INTERLOCUTORY APPEAL AND NOTICE OF RULE 41(a)(1) VOLUNTARY DISMISSAL OF COUNTS TWO AND THREE* - 11 -

DR. ORLEY TAITZ
FOR THE PLAINTIFFS
26302 LA PAZ SUITE 211
MISSION VIEJO, CALIFORNIA 92691
(949) 683-5411
E-MAIL: DR_TAITZ@YAHOO.COM