# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

Case No. SACV09-0082 DOC (ANx)                         Date: August 21, 2009

Title: CAPTAIN PAMELA BARNETT, et al. v. BARACK H. OBAMA, et al.

---

DOCKET ENTRY
[I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]
                                        Date:_____ Deputy Clerk: _____

---

PRESENT:
### THE HONORABLE DAVID O. CARTER, JUDGE

__Kristee Hopkins__                         ___Not Present___
Courtroom Clerk                              Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                  NONE PRESENT

---

PROCEEDING (IN CHAMBERS): ORDER SETTING SEPTEMBER 8, 2009 HEARING ON
                          MOTIONS

Before the Court is Plaintiffs' Motion for Review of Magistrate Judge Arthur Nakazato's August 6, 2009 Order Striking Filed Documents from the Record and Motion to Recuse Magistrate Judge Arthur Nakazato under 28 U.S.C. § 455(a), filed with the Court on August 18, 2009, and noticed for a hearing on September 14, 2009, at 8:30 a.m. (the "Discovery Motion"). Despite the September 14, 2009 noticed hearing date, Plaintiffs request an "earlier and expedited" hearing on the Discovery Motion. Pursuant to Plaintiffs' request, the Court hereby sets a new hearing date on the matter for Tuesday, September 8, 2009, at 8:00 a.m.

In addition, the Government filed with this Court on August 19, 2009, a Notice of Failure by Plaintiffs to Properly Effect Service of Process (the "Service Notice"). By the Service Notice, the Government represents that the United States Attorney's Office is willing to accept service of process on behalf of all named Defendants "*if* Plaintiffs would properly file and serve the First Amended Complaint and Summons." *See* Service Notice at 4 (emphasis in original). While the First Amended

Complaint ("FAC") was filed with the Court on July 15, 2009,[1] it appears that Plaintiffs still have failed to serve both the FAC and Summons on the United States Attorney's Office, despite its willingness to accept service of process on behalf of all Defendants. As such, Plaintiffs are ordered to properly serve the FAC and Summons on the United States Attorney's Office on or before September 8, 2009, at 8:00 a.m.

Finally, On August 19, 2009, the Court received an Ex Parte Application for Order Vacating Voluntary Dismissal (the "Ex Parte Application") on behalf of Plaintiffs Markham Robinson and Dr. Wiley S. Drake (the "Moving Plaintiffs"), through their attorney, Gary G. Kreep. The Moving Plaintiffs also seek to file their Ex Parte Application under seal pursuant to Local Rule 79-5. The Moving Plaintiffs essentially contend that when they sought to substitute Gary Kreep as counsel due to their dissatisfaction with Dr. Orly Taitz, Ms. Taitz improperly and without their consent filed a voluntary dismissal of them from the action pursuant to Fed. R. Civ. P. 41(a). *See* Doc. No. 33. As such, they seek reconsideration of the voluntary dismissal pursuant to Fed. R. Civ. P. 60(b)(6). The Court finds that this matter is not appropriate for resolution on an ex parte basis. Nor does this matter warrant filing documents under seal. Therefore, the Court also sets this matter for hearing on September 8, 2009, at 8:00 a.m. At the scheduled hearing time, the parties shall be prepared to discuss the merits of their dispute and to resolve both the motion for reconsideration as well as the substitution of counsel.

In summary, the Court sets for hearing at 8:00 a.m. on September 8, 2009, (1) the Discovery Motion, (2) the Service Notice, and (3) the Ex Parte Application. All parties are ordered to be present.

The Clerk shall serve this minute order on all parties to the action.

---

[1] While the Government notes that the FAC was not filed in accordance with General Order 08-02 § V.C.1 (requiring complaints to be filed in the traditional manner rather than electronically), the Court accepts the July 15, 2009 filing. However, this does not exempt Plaintiffs from effectuating proper service in the traditional manner, as indicated by this order. *See Id*. at II.V ("Traditional Service" refers to service other than electronic service as authorized by the Federal Rules of Civil [] Procedure).