# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The initial complaint in this matter was filed by Dr. Taitz on January 20, 2009. Dr. Taitz included the names of Mr. Robinson and Dr. Drake as plaintiffs in the complaint, with neither Mr. Robinson's nor Dr. Drake's knowledge or consent. On or before July 13, 2009, PLAINTIFFS decided that they would remain as plaintiffs in the present case, but that they preferred to be represented by Mr. Kreep (See Declarations of Markham Robinson and Dr. Wiley S. Drake). On July 20, 2009, pursuant to PLAINTIFFS' requests, Mr. Kreep prepared a Request for Approval of Substitution of Attorney and an Order on Request for Approval of Substitution of Attorney for both Mr. Robinson and Dr. Drake (See Exhibits "1" and "2"). Upon receiving PLAINTIFFS' signed documents, on July 24, 2009, Mr. Kreep signed the documents and had his law clerk, Elliot Wilson, mail them, via overnight mail, to Dr. Taitz for her signature (See Declaration of Elliot Wilson, submitted herewith). On July 30, 2009, Dr. Taitz sent an email to PLAINTIFFS and informed them that she was refusing to comply with PLAINTIFFS' request for her to sign the Request for Approval of Substitution of Attorney (See Exhibit "3", a copy of which is attached hereto and made a part thereof). On August 1, 2009, Dr. Taitz, without PLAINTIFFS' knowledge or consent, filed NOTICE with the Court (See Exhibit "4", a copy of which is attached hereto and made a part thereof). NOTICE does not contain the signature of Dr. Taitz (See Exhibit "4").

In NOTICE, Dr. Taitz alleges that PLAINTIFFS "submit that they have irreconcilable differences with the strategy of the undersigned counsel", that PLAINTIFFS "submit that infighting among allies is among the most counterproductive factors which can possible arise in litigation", that PLAINTIFFS "would aver that they have never previously dismissed any federal or state-court action based on or including the same claims as in the present action", and that PLAINTIFFS "ask this Court to take Notice of and Approve their withdrawal from

1  this action" (See Exhibit "4"). PLAINTIFFS may or may not agree with the above
2  first three quotes, however, PLAINTIFFS never communicated such claims or
3  sentiments to Dr. Taitz, and, thus, did not "ask" for, "submit", or "aver" anything
4  relating to their dismissal as plaintiffs from this case (See Declarations of Markham
5  Robinson and Dr. Wiley S. Drake).
6      Due to the fact that Dr. Taitz acted unilaterally to dismiss PLAINTIFFS from
7  this case, rather than consenting to their being represented by Mr. Kreep, and due to
8  the fact that PLAINTIFFS wish to remain as plaintiffs in this case and never desired
9  or intended to be dismissed from the matter, the Court should vacate PLAINTIFFS'
10 voluntary dismissal from the case, and reinstate Mr. Robinson and Dr. Drake as
11 plaintiffs, with Mr. Kreep as their counsel of record.

## II. ARGUMENT

13     Pursuant to Federal Rules of Civil Procedure (hereinafter referred to as
14 "FRCP") § 60, the Court may vacate PLAINTIFFS' voluntary dismissal from the
15 case. FRCP § 60 provides that "[o]n motion and upon such terms as are just, the court
16 may relieve a party ... from a final judgment, order, or proceeding for ... any other
17 reason justifying relief from the operation of the judgment." FRCP § 60(b)(6). In this
18 case, PLAINTIFFS' relief from the dismissal is justified. PLAINTIFFS wish to
19 remain as plaintiffs in the case, and, through their Request for Approval of
20 Substitution of Attorney, they clearly expressed their intent to Dr. Taitz to do so, prior
21 to her filing of NOTICE (See Exhibits "1" and "2"). Dr. Taitz refused to cooperate
22 with PLAINTIFFS' requests to substitute Mr. Kreep as their attorney, and Dr. Taitz
23 went behind PLAINTIFFS' backs in an attempt to have PLAINTIFFS dismissed from
24 the case to avoid allowing PLAINTIFFS to be represented by an attorney of their
25 choosing. Since PLAINTIFFS wish to remain named as plaintiffs in the case, and
26 since they did not consent to Dr. Taitz's filing of NOTICE dismissing them from the
27 case, the Court should find that relief is justified, and it should vacate PLAINTIFFS'
28 dismissal.

## III. CONCLUSION

Based on the reasons set forth above, PLAINTIFFS respectfully request that the Court grant PLAINTIFF's ex parte application to grant an order vacating the voluntary dismissal and reinstate PLAINTIFFS as plaintiffs in this case, with Mr. Kreep as their attorney of record.

Dated: August 19, 2009

Respectfully submitted,

_/s/ Gary G. Kreep_
GARY G. KREEP
Attorney for Markham Robinson and
Dr. Wiley S. Drake

6