UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAPTAIN PAMELA BARNETT, et al.,<br><br>Plaintiff(s),<br><br>v.<br><br>BARACK H. OBAMA, et al.,<br><br>Defendant(s).<br>_____ | CASE NO. SACV 09-0082 DOC(ANx)<br><br>**O R D E R DENYING PLAINTIFFS' MOTION FOR MODIFICATION OF MAGISTRATE JUDGE NAKAZATO'S AUGUST 6, 2009 ORDER AND DENYING PLAINTIFFS' MOTION TO RECUSE MAGISTRATE JUDGE NAKAZATO; GRANTING EX PARTE APPLICATION FOR ORDER VACATING VOLUNTARY DISMISSAL** |

Before the Court is Plaintiffs' Motion for Modification of Magistrate Judge Arthur Nakazato's August 6, 2009 Order and Motion to Recuse Judge Nakazato. After considering the moving papers, as well as the parties' oral argument, the Court hereby DENIES Plaintiffs' Motion for Modification and DENIES Plaintiffs' Motion to Recuse.

Also before the Court is Plaintiffs Markham Robinson ("Robinson") and Dr. Wiley S. Drake's ("Drake") *Ex Parte* Application for Order Vacating Voluntary Dismissal pursuant to FED. R. CIV. P. 60(b)(6) filed through their Counsel (although not counsel of record), Gary G.

Kreep ("Kreep"). After considering the moving papers, as well as the parties' oral argument, the Court hereby GRANTS Plaintiffs' Motion to Vacate Voluntary Dismissal.

## I. BACKGROUND

On January 20, 2009, Plaintiffs brought suit, alleging, in pertinent part, that President Barack Obama ("the President") does not meet the qualifications required for the Office of the President, as specified by Article II, §1, cl. 5 of the United States Constitution. More specifically, Plaintiffs allege that the President has not shown that he is a "natural born" citizen of the United States. Plaintiffs argue that there is evidence to show that the President was actually born in Kenya, and not Hawaii, thus making him ineligible to be President. Plaintiffs also argue that the President was a citizen of Indonesia and has not gone through the proper immigration procedures to regain his United States Citizenship. Plaintiffs have since filed a supplemental complaint, which adds to the original compliant.

### A. Review of Magistrate Judge's Ruling and Motion to Recuse

On August 1, 2009, Plaintiffs filed a Special Motion for Leave to Conduct Pre-Rule 26(f) Discovery and to Transmit Letters Rogatory ("Special Motion"). On August 6, 2009, Magistrate Judge Arthur Nakazato issued an Order Striking Filed Documents from the Record ("Order") that struck Plaintiffs' Special Motion from the record and ordered that it should not be considered by the court. Judge Nakazato provided four bases for the Order: (1) the motion lacked proper notice pursuant to Local Rules 6-1 and 7-4; (2) the motion was in the improper form and format pursuant to Local Rules 11-3.3 and 11-3.6; (3) Counsel failed to identify her California State Bar number pursuant to Local Rule 11-3.8(a); and (4) the description of the motion conflicted with or differed from what Plaintiffs' Counsel entered on the Court's electronic docket.

### B. Request to Vacate Voluntary Dismissal

In July 2009, Plaintiffs Robinson and Drake decided that they would prefer to be represented by Gary G. Kreep in this matter instead of their counsel at the time, Dr. Orly Taitz ("Taitz" or "Counsel"). Robinson and Drake had Kreep prepare a Request for Approval of Substitution of Attorney and an Order on Request for Approval of Substitution of Attorney. On

1  July 24, 2009, these documents were mailed to Taitz for her signature.  Upon receipt of these
2  documents, on July 30, 2009, Taitz sent an email to Kreep, Robinson, and Drake indicating that
3  she had learned from prior experience that she did not work well with Kreep and suggesting that,
4  instead of Plaintiffs remaining in the case with Kreep as their new counsel, Plaintiffs should
5  voluntarily dismiss themselves from the case and refile separately should they so wish.  Taitz
6  refused to sign the Substitution of Attorney documents.
7        On August 1, 2009, Taitz filed a Notice of Voluntary Dismissal of Plaintiffs
8  Robinson and Drake pursuant to FED. R. CIV. P. 41(a).  The Notice stated that Plaintiffs
9  Robinson and Drake "ask this Court to take Notice of and Approve their withdrawal from this
10 action and voluntary dismissal of their names from the list of Plaintiffs, without prejudice to
11 their refiling their claims at some future date in any court of competent jurisdiction, state or
12 federal."  Notice at 3.
13       Plaintiffs Robinson and Drake have both submitted declarations that they did not
14 consent to being voluntarily dismissed from the case and that Taitz filed the Notice of Voluntary
15 Dismissal against their wishes.
16     **II. DISCUSSION**
17       **A.**    **Motion to Modify the Magistrate Judge's Ruling**
18       Plaintiffs object to Magistrate Judge Nakazato's August 6, 2009 Order pursuant to
19 FED. R. CIV. P. 72(a) under Local Rule 72-2.1.  Under Local Rule 72-2.1, parties are required to
20 file a motion for review by the assigned District Judge within ten days of service of a written
21 ruling.  As Judge Nakazato's order was served on the parties via electronic filing on August 6,
22 2009, Plaintiffs' motion was due by August 17, 2009 since August 16, 2009 was a Sunday.
23 Plaintiffs filed this motion three days late on August 20, 2009.  As such, Plaintiffs' motion is
24 untimely.
25       In any event, Under Rule 72(a), a district court judge may only modify or set aside
26 any part of a magistrate judge's order that is "clearly erroneous or contrary to law." FED. R. CIV.
27 P. 72(a). A magistrate judges's ruling is "clearly erroneous" when, "although there is evidence
28 to support it, the reviewing court on consideration of the entire evidence is left with the definite

3

1  and firm conviction that a mistake has been committed." *Gutierrez v. Johnson & Johnson*, 227
2  F.R.D. 255, 257 (D.N.J. 2005) (internal quotations and citations omitted).  A ruling is "contrary
3  to law" if it fails to apply or misapplies relevant statutes, case law, or rules of procedure. *See In*
4  *re Natural Gas Commodities Litig.*, 235 F.R.D. 241, 243-44 (S.D.N.Y. 2006); see also *Hawaii v.*
5  *Abbott Labs.*, Inc., 469 F.Supp.2d 842, 846 (D. Haw. 2006).

6        In this case, Magistrate Judge Nakazato rejected Plaintiffs' filing for failing to
7  comply with the Local Rules.  Plaintiffs' Counsel admits that she failed to comply with Local
8  Rules 7-4 and 11-3.3.  However, Counsel argues that the order as a whole was erroneous
9  because it "appears to be inconsistent with Judge David O. Carter's oral assurances in court on
10 July 13, 2009, that this case would be allowed to proceed on the merits without undue regard to
11 technicalities." Mot. at 2.  This Court did not intend to suggest in the July hearing that
12 Plaintiffs' Counsel was being given a carte blanche to disregard the Local Rules that all
13 attorneys before the Central District of California courts must follow.  As such, Magistrate Judge
14 Nakazato's Order was not clearly erroneous or contrary to law and will not be modified.

15       While the Court appreciates Plaintiffs' claim that the motion submitted to
16 Magistrate Judge Nakazato was extremely important, Judge Nakazato did not strike the motion
17 with prejudice, so Plaintiffs are free to refile the Special Motion immediately as they indicated at
18 oral argument they have already done.

19       **B.**    **Motion to Recuse the Magistrate Judge**

20       Plaintiffs move to recuse Magistrate Judge Nakazato pursuant to 28 U.S.C. § 455,
21 which governs the disqualification of federal judges, including magistrate judges.  Section 455
22 provides, "Any justice, judge, or magistrate judge of the United States shall disqualify himself in
23 any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a).
24 Pursuant to Local Rule 72-5, this Motion is reviewed by the District Court to which the case is
25 assigned.

26       Plaintiffs' motion to recuse Magistrate Judge Nakazato is based on the fact that he
27 rejected a filed motion on the basis of Local Rules violations and Plaintiffs view that action as
28 inconsistent with the philosophy of this Court.  Even should that be the case, that would not

suggest that the judge was impartial or biased, which is the necessary showing under 28 U.S.C. § 455. Rejecting a filed motion is a matter of a routine nature, and the Court sees nothing in this Order suggesting bias. Therefore, the Court finds that Magistrate Judge Nakazato shall not be disqualified.

### C. Request to Vacate Voluntary Dismissal

Rule 60(b)(6) allows the Court to relieve a party from final judgment or order for "any other reason that justifies relief." FED. R. CIV. P. 60(b)(6). The Supreme Court has interpreted this catch-all provision narrowly, requiring the party to show "extraordinary circumstances suggesting that the party was faultless in the delay." *Pioneer Inv. Servs. v. Brunswick Assocs.*, 507 U.S. 380, 393, 113 S. Ct. 1489 (1993) (internal quotations omitted).

In this case, Plaintiffs Robinson and Drake allege that they should be relieved judgment under Rule 60(b)(6) because their counsel acted contrary to their wishes in requesting a voluntary dismissal. Counsel Taitz refused to sign the substitution of attorney form presented to her by Plaintiffs Robinson and Drake. This action was improper because a client has the right to fire a lawyer at any time, with or without cause. *Fracasse v. Brent,* 6 Cal.3d 784 (Cal. 1972). Counsel's actions became even more objectionable when Counsel, apparently with full knowledge that Plaintiffs wished to remain in the present litigation with different counsel, chose to take further action on behalf of those clients and have them dismissed from the action. Plaintiffs' Counsel should not let personal differences with the attorney who Plaintiffs desired to be her substitute further delay or interfere with these proceedings.

The Court finds that, pursuant to Rule 60(b)(6), these are extraordinary circumstances in which the two plaintiffs were faultless. Moreover, this is a case in which judicial economy and speed of resolution weigh in favor of vacating the dismissal. Plaintiffs Robinson and Drake's Counsel has indicated that if the dismissal stands, he plans to file a new case on their behalf. It is very likely that these two cases would then be consolidated. The Court is concerned that such a process would cause significant and needless delay.

The Court therefore finds that it is appropriate to vacate the voluntary dismissal pursuant to Rule 60(b)(6). Counsel Kreep may file his notice of appearance with the Court on

behalf of Plaintiffs Robinson and Drake.

### D. Other Matters Addressed at the Hearing

#### i. Service of Process

On July 13, 2009, in a hearing before this court, the Court ordered that service of process be properly effectuated.  On August 19, 2009, Defendants filed a notice to this Court that Plaintiffs had failed to effect service of process, and on August 21, 2009, the Court ordered Plaintiffs to effect service of process prior to the September 8, 2009 hearing.  At the hearing on September 8, 2009, Defendants acknowledged that, following the order of the Court, Plaintiffs had successfully effectuated service of process.

#### ii. Motion to Dismiss and Scheduling Conference

Defendants have filed a Motion to Dismiss.  This Motion will be heard on October 5, 2009.  Plaintiffs' Joint Opposition will be due by September 21, 2009.  Defendants' Reply will be due by September 28, 2009.

The Court will also hear a Scheduling Conference on October 5, 2009.

#### iii. Scheduling

The parties tentatively agreed on the following dates, which will be confirmed at the October 5 Scheduling Conference:

Hearing on Dispositive Motions – December 7, 2009

Pretrial Conference – January 11, 2010

Trial – January 26, 2010

#### iv. Discovery

The Court indicated at oral argument that it would consider whether discovery matters should continue to be handled by Magistrate Judge Nakazato.  The Court finds that, since the Court and Judge Nakazato are closely communicating and coordinating in this case, the continued handling of discovery matters by Judge Nakazato is appropriate.

### III. OUTCOME

Plaintiffs Robinson and Drake's *Ex Parte* Application for Order Vacating Voluntary Dismissal is hereby GRANTED.

1  Plaintiff's Motion to Modify the Magistrate Judge's August 6, 2009 order is
2  DENIED.
3  Plaintiff's Motion to Recuse the Magistrate Judge is DENIED.
4  IT IS SO ORDERED.
5  DATED: September 8, 2009

*[signature: David O. Carter]*

DAVID O. CARTER
United States District Judge