1 | GEORGE S. CARDONA
Acting United States Attorney
2 | LEON W. WEIDMAN
Assistant United States Attorney
3 | Chief, Civil Division
ROGER E. WEST (State Bar No. 58609)
4 | Assistant United States Attorney
First Assistant Chief, Civil Division
5 | DAVID A. DeJUTE (State Bar No. 153527)
Assistant United States Attorney
6 |     Room 7516, Federal Building
        300 North Los Angeles Street
7 |     Los Angeles, California 90012
        Telephone:  (213) 894-2461/2574
8 |     Facsimile:  (213) 894-7819
        Email: roger.west4@usdoj.gov
9 |              david.dejute@usdoj.gov

10 | Attorneys for Defendants

11

UNITED STATES DISTRICT COURT

12

FOR THE CENTRAL DISTRICT OF CALIFORNIA

13

SOUTHERN DIVISION

14

| | |
|---|---|
| CAPTAIN PAMELA BARNETT, *et al.*, | No. SACV 09-00082 DOC (ANx) |
| Plaintiffs, | |
| v. | **EX PARTE APPLICATION FOR LIMITED STAY OF DISCOVERY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| BARACK H. OBAMA, *et al.* | |
| Defendants. | |

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## EX PARTE APPLICATION

Defendants, by and through their undersigned counsel, hereby apply to this Court, on an *ex parte* basis, for an Order staying all discovery in this matter pending the Court's ruling upon Defendants' Motion to Dismiss, currently set for hearing on October 5, 2009, with the exception of discovery which Plaintiffs can demonstrate, to the satisfaction of the Court, that they need in order to counter said Motion.

This *Ex Parte* application will be based upon these moving papers, the Memorandum of Points and authorities filed herewith, and upon such other and further arguments, documents and grounds as may be advanced to the Court in the future. All requirements of the Local Rules for *ex parte* applications have been met, including the notice requirements of Local Rule 7-19 as more particularly contained within the accompanying Memorandum of Points and Authorities.

Respectfully submitted,

DATED: September 10, 2009     GEORGE S. CARDONA
Acting United States Attorney
LEON WEIDMAN
Assistant United States Attorney
Chief, Civil Division

/s/ Roger E. West
ROGER E. WEST
Assistant United States Attorney
First Assistant Chief, Civil Division

/s/ David A. DeJute
DAVID A. DeJUTE
Assistant United States Attorney

Attorneys for Defendants

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### STATEMENT OF PERTINENT FACTS

On January 20, 2009, Plaintiffs' filed their Complaint in this matter challenging the fitness for office of President Obama.  Over seven months later, on August 25, 2009, Plaintiffs finally effected service of process.  Soon thereafter, on September 4, 2009, Defendants filed their Motion to Dismiss with a hearing set for October 5, 2009.

In their Motion to Dismiss, Defendants maintain that this Court is without subject matter jurisdiction.  As more fully explained in that Motion, and among other reasons, the operative complaint fails to confer subject matter jurisdiction for several reasons: (1) The Plaintiffs lack standing because they cannot show the required injury-in-fact or the required redressability to confer jurisdiction; (2) The case presents non-justiciable political questions which are committed, by the very text of the Constitution, to a different branch of Government; (3) Plaintiffs are not authorized to pursue a Quo Warranto action against the President of the United States; (4) Neither 42 U.S.C. § 1983 nor 42 U.S.C. § 1988 confers jurisdiction; and, (5) Plaintiffs' Freedom of Information Act claims as a matter of law do confer jurisdiction. Any one of these grounds is sufficient to stay discovery pending a resolution of the Motion.

On September 8, 2009, the Court convened a hearing upon issues which are unrelated to the Motion to Dismiss.  At that hearing, the Court granted Defendants leave to file this *Ex Parte* application.

///

2

**II.**

**ARGUMENT**

**DISCOVERY SHOULD BE STAYED PENDING RESOLUTION OF**

**WHETHER PLAINTIFFS' CLAIMS CONFER SUBJECT MATTER JURISDICTION**

A District Court enjoys broad discretion in controlling discovery.  <u>Little v. City of Seattle</u>, 863 F.2d 681, 685 (9th Cir. 1988); <u>Blackburn v. United States</u>, 100 F.3d 1426, 1436 (9th Cir. 1996) (and cases cited therein).

Where, as here, there is pending a motion attacking the subject matter jurisdiction of the court, a threshold issue in the absence of which the court cannot proceed to hear other issues, "it is a recognized and appropriate procedure for a court to limit discovery proceedings at the outset to a determination of jurisdictional matters."  <u>Blackburn v. United States</u>, <u>supra</u>, 100 F.3d at 1436 (quoting <u>United States Catholic Conference v. Abortion Rights Mobilization, Inc.</u>, 47 U.S. 72, 79-80, 108 S.Ct. 2268, 2272-73, 101 L.Ed.2d 69 (1988).  In *Blackburn*, the Ninth Circuit upheld the decision of this Court per Judge Stotler, which limited discovery solely to the threshold jurisdictional issues for a time period of 120 days.  <u>See</u> <u>Id.</u>

Cases are legion which recognize that, once a dispositive motion has been filed, discovery should be limited to only those issues raised in that dispositive motion.  <u>See</u>, <u>e.g.</u> <u>Jarvis v. Regan</u>, 833 F.2d 149, 155 (9th Cir. 1987); <u>Sprague v. Brook</u>, 149 F.R.D. 575, 577 (and cases cited therein) (N.D. Ill. 1993); <u>Chavous v. District of Columbia Financial Responsibility, etc., et al.</u>, 201 F.R.D. 1 (D.D.C. 2001); <u>Cromer v. Braman</u>, __ F.Supp.2d __, 2007 WL 3346675 (W.D. Mich. 2007)("A trial court has broad discretion and

1  inherent power to stay discovery until the preliminary questions

2  that may dispose of the case are determined") (citation omitted)

3  and also ("A stay of discovery pending the determination of a

4  dispositive motion 'is an eminently logical means to prevent

5  wasting the time and effort of all concerned and to make the most

6  efficient use of judicial resources'") (citations omitted).

7      Currently pending before this Court for hearing on October 5,

8  2009, is Defendants' Motion to Dismiss, a dispositive motion

9  setting forth, among other things, the reasons why Plaintiffs'

10  First Amended Complaint cannot, as a matter of law, confer subject

11  matter jurisdiction on this Court.  As the cases cited above make

12  clear, because subject matter jurisdiction is a threshold issue

13  challenging the very power of this Court to proceed, discovery

14  should be stayed until such time as this Court determines whether

15  it has jurisdiction over Plaintiffs' claims.  See, e.g., Blackburn,

16  100 F.3d at 1436 and cases cited therein.  A stay would also not

17  waste the resources of this Court or of the parties.  See, e.g.,

18  Cromer, 2007 WL 3346675 and cases cited therein.

19      On September 10, 2009, counsel for Defendants notified each of

20  Plaintiffs' counsel pursuant to Local Rule 7-19 of the substance of

21  this *ex parte* application.  Plaintiffs' counsel Dr. Orly Taitz

22  stated that she opposed this application as did Plaintiffs' counsel

23  Gary Kreep.  It should be noted, however, that no apparent

24  prejudice will result from granting this *ex parte* application for a

25  stay of discovery until such time as the Court determines whether

26  it has subject matter jurisdiction.  A seven month time period of

27  the Plaintiffs' own making lapsed between the filing of the

28  Complaint and the date when service of process was effected.  Less

4

1   than two weeks then expired before Defendants' filed their

2   dispositive Motion to Dismiss on September 4, 2009.  Granting this

3   *ex parte* application until Defendants' Motion can be heard on

4   October 5, 2009, will therefore stay discovery for approximately

5   one month.  This stay is only one quarter of the 120 days approved

6   by the Ninth Circuit for the discovery stay in *Blackburn*.  The only

7   parties prejudiced would be the Defendants if this Court were to

8   deny this *ex parte* application, as discovery would be allowed to

9   proceed on matters extraneous to subject matter jurisdiction.

10       It is respectfully submitted that this Court should enter an

11  Order herein staying all pending and future discovery, motion, and

12  other matters related thereto, pending resolution of the this

13  dispositive motion, with the exception of any discovery which

14  Plaintiffs can demonstrate, to the satisfaction of the Court, that

15  they need in order to counter said Motion.

16

17                               Respectfully submitted,

18  DATED: September 10, 2009     GEORGE S. CARDONA
                                  Acting United States Attorney
19                               LEON WEIDMAN
                                  Assistant United States Attorney
20                               Chief, Civil Division

21                               */s/ Roger E. West*
                                  ROGER E. WEST
22                               Assistant United States Attorney
                                  First Assistant Chief, Civil Division
23
                                  /s/ David A. DeJute
24                               DAVID A. DeJUTE
                                  Assistant United States Attorney
25
                                  Attorneys for Defendants
26

27

28

                                  5