GEORGE S. CARDONA
Acting United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division
ROGER E. WEST (State Bar No. 58609)
Assistant United States Attorney
First Assistant Chief, Civil Division
DAVID A. DeJUTE (State Bar No. 153527)
Assistant United States Attorney
    Room 7516, Federal Building
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-2461/2574
    Facsimile: (213) 894-7819
    Email: roger.west4@usdoj.gov
        david.dejute@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CAPTAIN PAMELA BARNETT, *et al.*, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> BARACK H. OBAMA, *et al.* ) <br> ) <br> Defendants. ) <br> _____ ) | No. SACV 09-00082 DOC (ANx) <br><br> NO HEARING DATE SCHEDULED <br><br> Hon. Arthur Nakazato |

**MEMORANDUM OF POINTS AND AUTHORITIES**

**IN OPPOSITION TO PLAINTIFFS'**

**FIRST AMENDED MOTION FOR ISSUANCE OF LETTERS ROGATORY**

**AND INITIATION OF DISCOVERY**

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**PROCEDURAL POSTURE**

By Order dated September 10, 2009, the Court referred Plaintiffs' First Amended Motion For Letters Rogatory And Initiation Of Discovery to Magistrate Judge Arthur Nakazato. By that same order, the Court vacated the Plaintiffs' hearing date of September 14, 2009.

On September 10, 2009, Defendants filed an *ex parte* application requesting the Court to stay all discovery other than that which is necessary to counter Defendants' challenges to the Court's subject matter jurisdiction. That *ex parte* application is currently pending before the Court.

At no time have Plaintiffs in any way complied with the letter or the spirit of the pre-filing requirements for their motion. In particular, Plaintiffs have never requested or engaged in any pre-filing conference of counsel as required by Local Rule 37-1. As such, Plaintiffs could not and have not prepared a joint stipulation as required by Local Rule 37-2. Accordingly, Plaintiffs have not filed a joint stipulation in contravention to Local Rule 37-2.4.

**II.**

**THE COURT SHOULD DENY THIS MOTION**

**A. The Local Rules Require A Denial Of Plaintiffs' Motion**

The Local Rules require a pre-filing conference of counsel prior to the filing of any discovery motion. See L.R. 37-1. This pre-filing conference is mandatory:

Prior to the filing of any motion relating to discovery

1        pursuant to F.R.Civ.P. 26-37, counsel for the parties
2        *shall confer* in a good faith effort . . ..
3   L.R. 37-1 (emphasis added).  The Local Rules also require the
4   Plaintiffs in this case to have prepared and filed a joint
5   stipulation.  See L.R. 73-2.  Plaintiffs have not complied with
6   these requirements.
7        Failure to follow the pre-filing requirements precludes the
8   Court from hearing Plaintiffs' motion:
9        The Court *will not consider* any discovery motion in the
10       absence of a joint stipulation or a declaration from
11       counsel [inapplicable here] . . ..
12  L.R. 37-2.4 (emphasis added).  Plaintiffs' utter failure to follow
13  the pre-filing requirements prevents their motion from being heard
14  by this Court.
15       Accordingly, this Court is respectfully requested to deny
16  Plaintiffs Motion on the ground that the their failure to follow
17  the Local Rules acts as a bar to this Court considering the Motion.
18  **B.   The Motion Should Be Denied For The Reasons Set Forth In The**
19       **Ex Parte Application**
20       Currently pending before the Court is Defendants' *Ex Parte*
21  Application for an order staying all non-jurisdictional discovery
22  until Defendants' Motion to Dismiss can be heard on October 5,
23  2009.  As more fully explained in the Memorandum of Points and
24  Authorities accompanying that *Ex Parte* Application, Defendants'
25  motion challenges the subject matter jurisdiction purportedly
26  conferred by Plaintiffs' operative complaint.  Because subject
27  matter jurisdiction is a threshold issue challenging the very power
28  of the Court to proceed, discovery should be stayed until such time

1 as the Court determines whether it has jurisdiction over
2 Plaintiffs' claims.  See, e.g., <u>Blackburn v. United States</u>, 100
3 F.3d 1426, 1436 (9th Cir. 1996) (and cases cited therein)(affirming
4 the discovery order of this Court *per* Judge Stotler).  Moreover, a
5 stay of discovery would not waste the resources of the Court or of
6 the parties.  See, e.g., <u>Cromer v. Braman</u>, __ F.Supp.2d __, 2007
7 WL 3346675 (W.D. Mich. 2007) (and cases cited therein).

8     Even if this Court were to disregard the prohibitive
9 injunction of the Local Rules, therefore, only discovery which
10 seeks to counter Defendants' jurisdictional challenges should be
11 allowed to proceed.  Plaintiffs' Motion does not concern
12 jurisdictional challenges and should, on that ground as well, be
13 denied.

14     Accordingly, the Court is respectfully requested to deny
15 Plaintiffs' motion on this ground as well.

16 **C.   Plaintiffs' Request To Depose Cabinet Members Should Be Denied**

17     In the event that this Court were inclined to hear Plaintiffs'
18 motion – despite the prohibitory nature of the Local Rules, and in
19 disregard for the reasons set forth in the *ex parte* application –
20 Defendants respectfully request the opportunity to file papers in
21 opposition to Plaintiffs' attempt to depose any Secretaries of the
22 Cabinet.

23     Plaintiffs' motion seeks an order compelling the attendance at
24 deposition with documents within a short period of time of
25 Secretary of State Clinton and Secretary of Defense Gates.  See
26 Opposition, 4:14-20.  Plaintiffs also seek documents purportedly in
27 the possession of the Department of Defense and seek the issuance
28 of letters rogatory.  See Id.

3

1   These are discovery requests which impede the functioning of
2  the Government by requiring the attendance of the top ranking
3  Cabinet member as well as the Cabinet member charged with
4  overseeing our military, which is currently engaged in two foreign
5  wars.  Before such a drastic action is considered by this Court,
6  Plaintiffs should be required to meet and confer pursuant to the
7  Local Rules and, if no agreement can be reached, then a briefing
8  schedule should be set, pursuant to the Federal and Local Rules,
9  which would allow the Defendants to brief this important issue.

## III.

## CONCLUSION

For all of the foregoing reasons, this Court is respectfully requested to deny Plaintiffs' First Amended Motion For Letters Rogatory And Initiation Of Discovery.

Respectfully submitted,

DATED: September 11, 2009

GEORGE S. CARDONA
Acting United States Attorney
LEON WEIDMAN
Assistant United States Attorney
Chief, Civil Division

*/s/ Roger E. West*
ROGER E. WEST
Assistant United States Attorney
First Assistant Chief, Civil Division

*/s/ David A. DeJute*
DAVID A. DeJUTE
Assistant United States Attorney

Attorneys for Defendants