# **Dr. Orly Taitz, Esq.**

29839 S. Margarita Pkwy, Rancho Santa Margarita, California 92688
Telephone 949-683-5411, Facsimile 949-766-76032

Sunday, September 13, 2009

**Messrs. David A. DeJute & Roger West**
**Office of the United States Attorney**
300 N. Los Angeles St., Room 7516
Los Angeles, CA 90012
VIA FACSIMILE:   213-894-7819 david.dejute@usdoj.gov

**Mr. Gary Kreep**
**U.S. Justice Foundation**
VIA FACSIMILE:

**Dear Mr. DeJute:**

     I am writing this letter in an effort to comply with both the letter and the spirit of Judge Carter's Orders of September 8, 2009, but also of Rules 26, 29, and 30-34 of the Federal Rules of Civil Procedure in Civil Action 2009cv00082-DOC.

     There are two preliminary matters, both relating to Mr. Gary Kreep.  First, regarding our scheduled telephone conference tomorrow, I will be available at 1:00 Pacific Daylight Time (4:00 Eastern Daylight Time) to participate by telephone, but my law clerks Messrs. Lincoln and Freiman, along with one of our key fact witnesses, Mr. Lucas D. Smith, will be at your office in person, which you have indicated is acceptable to you.

     Also, regarding Mr. Kreep, I am requesting that his agreement and stipulation that he will resign as counsel for co-Plaintiffs Wiley S. Drake and Markham Robinson or else be subject (within ten days) to my motion to disqualify him as co-counsel by reason of conflict of interests which have arisen in prior litigation.  *FDIC v. U.S. Fire Insurance Co.*, 50 F.3d 1304, 1311 (5th Cir. 1995).

     A number of my clients believe, contend and intend to show by clear and convincing evidence (a) that Gary Kreep's prior representation of him was so substantially related to the current litigation so as to warrant the disqualification of counsel and (b) that the conflicts of interest which exist in this case between Gary Kreep and my clients go the very heart of this litigation in such a manner that it will unduly complicated litigation and ultimately and unjustifiably confuse the jury at final trial.  *In re American Airlines, Inc.*, 972 F.2d 605, 614 (5th Cir. 1992).

     Let me make it clear that the disqualification of Mr. Kreep will not affect my or my clients willingness to participate in discovery.  I would suggest that 90% of

my clients are available on 7 business day's notice for deposition at my office or within 200 miles of their actual residence.  I would also suggest that Plaintiff's depositions of the named Defendants should take priority over all other discovery, but that to the extent that discovery will be conducted in Washington, D.C., as outlined below, I would prefer to concentrate the depositions of all Eastern Seaboard Plaintiffs as "time fillers" between the depositions of named Defendants to the degree that the Defendants wish to take their deposition.

And that leads to the key point of this letter, I take Judge Carter's suggestion that discovery should begin prior to the Scheduling Conference quite seriously, and I suggest that the Defendants should do so as well.  In particular, I accept that even though (without stipulation), because of the 30 day requirement of Rules 30 and 34 regarding the production of documents at depositions, none of our (Plaintiffs') proposed discovery can actually take place before the October 5, 2009, hearing before Judge Carter.  However, in the spirit of Judge Carter's admonition (if it is not a mandatory injunction!) that we attempt to begin discovery expeditiously, prior to October 5, 2009, I see no reason to engage in any sort of unreasonable delay in scheduling the discovery necessary to bring this case to trial until after that hearing and formal scheduling conference.

I should advise that I fully intend to file a Second Amended Complaint on or before Monday, October 5, 2009, which will address many if not all of the jurisdictional and pleading sufficiency issues raised in Defendants' Motion to Dismiss filed last Friday (September 11, 2009).

Rules 30(b)(2) and 34(b)(2) both require 30 days notice.  30 days from the day of this Rule 26(f) Conference is Wednesday, October 14, 2009.  I am going to propose to you that I will make myself available (without any reservations, even to include weekends) in a four week block for depositions *duces tecum* for each of the named Defendants, plus two non-party witnesses (Speaker of the House Nancy Pelosi and the Commissioner of Social Security), between Monday October 19, 2009 and Friday November 13, 2009.  Furthermore, I will make myself available to take these depositions in Washington, D.C., as well as (obviously) at my office in Rancho Santa Margarita, or at your (Mr. DeJute's) the U.S. Attorneys' Office in Los Angeles.  In short, we are willing to schedule these depositions at the Defendants' request and convenience within a four week time span.

What I ask and expect of you as opposing counsel is merely to provide me with the dates, within this very broad range of dates, when each of your clients will be available for deposition and when you might be available for the non-party witness depositions.  I do not see how such a broad range of time could not be sufficient for your clients, acknowledging the full weight and breadth of their *de facto* positions and *de facto* official duties, to carve out six hours each for depositions within this one month time-frame.  If this one-month wide window is not sufficient, I do not see how you will justify this to the Court.

**It is my purpose and intent to use written discovery following depositions only to the extent necessary to supplement the material produced in the depositions, so that within 30 days after the conclusion of the last deposition, I will be ready to make serious plans for trial.**

**I will file a copy of this letter with the Court under a Notice of Transmission at the same time that I am sending it to you electronically.**

Yours very truly,

_____
**Dr. Orly Taitz, Esq., for the Plaintiffs**
*29839 S. Margarita Pkwy*
*Rancho Santa Margarita, California 92688*

**Tel: 949-683-5411**
**Fax: 949-766-7036**

dr_taitz@yahoo.com