# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

Case No. SACV 09-0082 DOC (ANx)            Date: September 16, 2009

Title: CAPTAIN PAMELA BARNETT, ET AL. V. BARACK H. OBAMA, ET AL.

---

DOCKET ENTRY
    [I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]
                                                      Date:_____ Deputy Clerk: _____

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Kristee Hopkins | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                            NONE PRESENT

---

PROCEEDING (IN CHAMBERS): GRANTING EX PARTE APPLICATION FOR LIMITED STAY OF DISCOVERY

      Before the Court is Defendants' *Ex Parte* Application for Limited Stay of Discovery (the "Motion"). The Court finds the Motion to be appropriate for decision without oral argument. FED. R. CIV. P. 78; Local Rule 7-15. After considering the moving and opposing papers thereon, and for the reasons set forth below, the Court hereby GRANTS Defendants' Motion.

## I. BACKGROUND

      On January 20, 2009, Plaintiffs brought suit, alleging, in pertinent part, that President Barack Obama ("the President") does not meet the qualifications required for the Office of the President, as specified by Article II, §1, cl. 5 of the United States Constitution. More specifically, Plaintiffs allege that the President has not shown that he is a "natural born" citizen of the United States. Plaintiffs argue that there is evidence to show that the President was actually born in Kenya, and not Hawaii, thus making him ineligible to be President. Plaintiffs also argue that the President was a citizen of Indonesia and has not gone through the proper immigration procedures to regain his United

States Citizenship. Plaintiffs have since filed a supplemental complaint, which adds to the original compliant.

On September 4, 2009, Defendants filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). At the hearing held for this case on September 8, 2009, Defendants notified the Court that the Motion to Dismiss had been filed. The Court then proceeded to set tentative dates for the case, including a tentative trial date of January 11, 2010. The Court specified that these dates would be finalized at a Scheduling Conference held on October 5, 2009.

Defendants now file an *ex parte* application to stay discovery pending the Court's resolution of the Motion to Dismiss.

## II. DISCUSSION

Defendants contend that, because the Motion to Dismiss is a dispositive motion, a stay of discovery should be imposed that limits discovery only to those issues raised in the Motion to Dismiss. Defendants have certainly filed a motion that could potentially be dispositive, as they allege that the Court lacks subject matter jurisdiction. Subject matter jurisdiction "is a threshold issue in the absence of which the court cannot proceed to hear other issues." *Blackburn v. United States*, 100 F.3d 1426, 1436 (9th Cir. 1996).

District courts have wide discretion in controlling the scope of discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). The Supreme Court has observed that it is "a recognized and appropriate procedure for a court to limit discovery proceedings at the outset to a determination of jurisdictional matters." *U.S. Catholic Conference v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 79-80, 108 S.Ct. 2268, 101 L.Ed.2d 69 (1988). The Ninth Circuit has also approved district courts' stay of discovery pending the resolution of motions to dismiss for lack of subject matter jurisdiction. *See Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987); *Blackburn*, 100 F.3d at 1436.

In this case, Defendants have alleged that the Court lacks subject matter jurisdiction for various reasons, including that the case presents a non-justiciable political question that is properly addressed by the legislative branch of government, not the judicial branch. Defendants' Motion to Dismiss at 11. The political question doctrine "excludes from judicial review those controversies which revolve around policy choices and value determinations constitutionally committed for resolution to the halls of Congress or the confines of the Executive Branch." *Japan Whaling Ass'n v. American Cetacean Soc.*, 478 U.S. 221, 230, 106 S.Ct. 2860, 92 L.Ed.2d 166 (1986). In a case such as this where a claim of political question is asserted, limiting discovery to jurisdictional issues serves the important function of respecting the separation of powers until such time as the Court resolves the motion to dismiss and determines that it is properly exercising jurisdiction over the matter.

Plaintiffs Robinson and Drake contend that the Court should decline to exercise its

discretion to stay discovery because a stay would unduly prejudice Plaintiffs. Plaintiffs express concern that they would be prejudiced by the stay because "it will allow Defendants to blanketly block all discovery requests on the basis that the discovery has no relevance to subject matter jurisdiction." Plaintiffs' Opposition to Motion ("Pl. Opp.") at 11. Plaintiffs' concern is ill-founded because the Court, through Magistrate Judge Nakazato who handles discovery matters, is the arbiter of whether the discovery has relevance to subject matter jurisdiction, not Defendants.

Plaintiffs also argue that "if discovery does not commence until October 5, 2009, all parties would have limited time to conduct discovery prior to the discovery cut off date, due to the January 26, 2010 trial date." Pl. Opp. at 10. The Court appreciates that Plaintiffs may find that a delay in discovery hampers their ability to be ready for trial by January 2010. However, the January 2010 trial date has not been finalized. The Court will accommodate Plaintiffs' concerns by hearing any proposed new trial dates at the October 5, 2009 Scheduling Conference.

### III.    OUTCOME

The Court hereby GRANTS Defendants' *Ex Parte* Application for Limited Stay of Discovery.

All discovery herein shall be stayed pending resolution of Defendants' Motion to Dismiss, except for any discovery as to which Plaintiffs can demonstrate, to the satisfaction fo Magistrate Judge Nakazato, is necessary for the purpose of opposing the Motion to Dismiss.

The Clerk shall serve this minute order on all parties to the action.