```
 1  GEORGE S. CARDONA
    Acting United States Attorney
 2  LEON W. WEIDMAN
    Assistant United States Attorney
 3  Chief, Civil Division
    ROGER E. WEST (State Bar No. 58609)
 4  Assistant United States Attorney
    First Assistant Chief, Civil Division
 5  DAVID A. DeJUTE (State Bar No. 153527)
    Assistant United States Attorney
 6       Room 7516, Federal Building
         300 North Los Angeles Street
 7       Los Angeles, California 90012
         Telephone:  (213) 894-2461/2574
 8       Facsimile:  (213) 894-7819
         Email: roger.west4@usdoj.gov
 9              david.dejute@usdoj.gov

10  Attorneys for Defendants
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CAPTAIN PAMELA BARNETT, *et al.*,<br><br>　　　Plaintiffs,<br><br>　　　v.<br><br>BARACK H. OBAMA, *et al.*<br><br>　　　Defendants.<br>_____ | No. SACV 09-00082 DOC (ANx)<br><br>**DEFENDANTS' REPLY MEMORANDUM TO OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FILED BY ALL PLAINTIFFS EXCEPT DRAKE AND ROBINSON** |

Defendants, by and through undersigned counsel, hereby file their Reply Memorandum to the Opposition filed by all Plaintiffs herein, except for Plaintiffs Drake and Robinson, who filed a separate Opposition.

## I.

### Introductory Statement

Much of the opposition filed by these Plaintiffs is a disjointed polemic, completely devoid of citation to any case or statutory authority. Defendants will not waste the Court's time, or that of undersigned counsel by seeking to respond to the many irrelevant statements and references made therein.[1] Rather, Defendants will focus upon the essential points at issue before this Court.

## II.

### Plaintiffs' Reliance Upon The Ninth Amendment Is Misplaced

References to the Ninth Amendment to the United States Constitution are sprinkled throughout Plaintiffs' Opposition. It appears that Plaintiffs are asserting that they have a right, under the Ninth Amendment, to bring this action, and to have their claims heard in this Court. This attempt by Plaintiffs to evade the solid wall of legal authority cited in Defendants' Motion to Dismiss is misplaced, and fails as a matter of law. It is well established that the Ninth Amendment does not independently create a constitutional right for purposes of stating a claim. Schowengerdt v. United States, 944 F.2d 483, 490 (9th Cir. 1991); Strandberg v.

---

[1] See for example, the reference to Dante's Inferno, at page 8, line 16.

1

City of Helena, 791 F.2d 744 (9th Cir. 1986); Aspenlind v. America's Servicing Co., 2008 WL 686596 (E.D. Cal. 2008). The Ninth Amendment is "not a source of rights as such; it is simply a rule about how to read the Constitution." San Diego County Gun Rights Committee v. Reno, 98 F.3d 1121, 1125 (9th Cir. 1996) (quoting Laurence H. Tribe, American Constitutional Law, 776 n. 14 (2nd Edition 1998).

### III.

**This Court Lacks Subject Matter Jurisdiction Over Plaintiffs' Quo Warranto Claims**

In their Opposition, Plaintiffs devote several pages to their proposition that this Court should exercise some form of Quo Warranto jurisdiction herein. Conspicuously lacking from this discussion is even one case to support this proposition. For the reasons set forth in Defendants' Motion, this Court lacks subject matter jurisdiction over Plaintiffs' Quo Warranto claims herein.

### IV.

**Plaintiffs Lack Standing Herein**

In their Motion to Dismiss, Defendants established that no Plaintiff in this case can establish standing, and, therefore, this Court lacks subject matter jurisdiction of this case. In their Opposition, Plaintiffs[2] argue that they can satisfy the "injury-in-

---

[2] At page 9, line 21 of the Opposition, Plaintiffs' counsel states that there are "currently 46 Plaintiffs in this case." The caption of the First Amended Complaint, filed herein on or about July 14, 2009, reveals that it contained a total of 44 Plaintiffs. On August 18, 2009, Plaintiffs filed a "First Amended Motion for Issuance of Letters Rogatory, etc. et al." The caption of that Motion contained 46 Plaintiffs, 3 of whom were simply added by Plaintiffs' counsel, without leave of Court, in clear violation of all rules. Those Plaintiffs were: Representative Casey Guernsey, Captain Connie Rhodes,

fact" component of standing. Regarding the redressability requirement for standing, it is submitted that Plaintiffs utterly fail to counter Defendants' arguments.

With respect to the injury-in-fact requirement of standing, the arguments made by these Plaintiffs are unavailing. In the first place, Alan Keyes and Gail Lightfoot utterly fail to counter the argument that, from a simple mathematical analysis, they did not sustain any "injury-in-fact," because they were not on the ballot in enough states in the 2008 Presidential election to even hope that they could gain the requisite 270 electoral votes to win the Presidency or Vice Presidency of the United States.

With respect to the class of "military" Plaintiffs, for the reasons set forth in Defendants' Motion, as well as those set forth in the excellent opinion of Judge Clay D. Land in <u>Rhodes v. McDonald</u>, et al., No. 09-CV-106 (CDL) (M.D. Georgia September 16, 2009), plaintiffs cannot establish the requisite injury-in-fact, or redressability.[3] A copy of the opinion in <u>Rhodes v. McDonald</u> is attached hereto for the Court's convenience.[4]

In the "Oath Takers and Candidates" section of the brief,

---

and Major Carl Snedden. Undersigned counsel contacted Plaintiffs' counsel and told her that she could not add Plaintiffs to the case without permission. Plaintiffs' counsel has apparently ignored this warning.

[3] As outlined in footnote 2, immediately above, Connie Rhodes, the plaintiff in <u>Rhodes v. McDonald</u>, was briefly listed as a Plaintiff in the instant case, albeit improperly by Plaintiffs' counsel.

[4] In <u>Wallace v. Chappell</u>, the Ninth Circuit adopted a similar legal standard to that applied in <u>Rhodes</u>. <u>See</u> 661 F.2d 729 at 733 (9th Cir. 1981), rev'd on other grounds, 462 U.S. 296, 76 L. Ed. 2d 586, 103 S. Ct. 2362 (1983). <u>See</u> <u>also</u> <u>Wenger v. Monroe</u>, 282 F.3d 1068, 1072-73 (9th Cir. 2002) (applying the <u>Wallace</u> standard).

counsel for the "military" Plaintiffs seeks to invoke so called "oath of office" standing, citing Board of Education v. Allen, 392 U.S. 236 (1968). It is submitted that Plaintiffs' claims to "oath of office" standing in this case rely upon a fundamental misreading of Allen. Allen recognizes at most a narrow category of injury, limited to situations in which a plaintiff faces a direct and imminent choice between "violating [his] oath" by complying with a new, specific, and unconstitutional command, or losing his job. In this case, Plaintiffs fail to meet one of the basic prerequisites to "oath of office" standing: that they allege that defendants have imposed upon them a new, specific and unconstitutional action that they are required to take in violation of their oath. See id. 392 U.S. 241 at n. 5 (describing the choice). In Allen itself, for example, the plaintiff legislators were required to "purchase and to loan" textbooks to parochial schools using public funds, a requirement they alleged violated the Establishment Clause of the First Amendment.

Likewise, in Clarke v. United States, the district court case that Plaintiffs cite, Congress required the plaintiff councilmen to adopt specific legislation, allegedly in violation of the Free Speech Clause of the First Amendment. Other cases confirming the above-stated prerequisite to Allen standing include, in the Ninth Circuit, South Lake Tahoe v. California Tahoe Regional Planning Agency, 625 F.2d 231 (9th Cir. 1980).

In this case, the "oath-taking" plaintiffs fail to meet the basic prerequisite for "oath of office" standing, because defendants have not imposed upon them any new, specific, and unconstitutional action that they are required to take in violation

of their oath. Instead, the action that the "oath-taking" plaintiffs are being required to take, purportedly in violation of their oath, is simply that they report for duty every day, and take orders from their military superiors, a requirement that existed before President Barack Obama was sworn into Office, and a requirement that Plaintiffs cannot allege is itself unconstitutional. It is submitted that the above-discussed limitation on "oath of office" standing is necessary, in order to avoid converting every oath-taking federal employee into a potential litigant, or Attorney General, whenever his or her interpretation of the Constitution differs from that of his or her superiors. See City of South Lake Tahoe v. California Tahoe Regional Planning Agency, supra, 625 F.2d at 238.

In their Opposition, these Plaintiffs also argue that this Court should expand the narrow concept of taxpayer standing enunciated in Flast v. Cohen, 392 U.S. 83, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968), and declare that they have standing to bring this action. Plaintiffs cite absolutely no case authority supporting any expansion of Flast to a case such as this, and none appears to exist. Indeed, the Supreme Court has steadfastly refused to expand Flast beyond its narrow confines. See, e.g., Schlesinger v. Reservists Committee to Stop the War, et al., 418 U.S. 208, 227-228, 94 S.Ct. 2925, 41 L.Ed.2d 706 (1974); Hein v. Freedom from Religious Foundation, 551 U.S. 587, 126 S.Ct. 2553, 168 L.Ed.2d 424 (2007); Valley Forge Christian College v. Americans United for Separation of Church and State, 454 U.S. 464, 484, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982).

**V.**

**This Case Presents Non-Justiciable Political Questions**

Plaintiffs' Opposition does not satisfactorily address the argument that this case presents non-justiciable political questions which are committed, by the very terms of the Constitution, to the Electors and to the Legislative Branch. The Opposition is infused with the notion that Plaintiffs, and others similarly situated, constitute some sort of "insular minority" who have no voice whatever other than that which could be provided to them by this Court. Nothing could be further from the truth. As set forth in Defendants' Motion, the Constitution makes a textual commitment of the power to review whether or not a sitting President should continue to serve to Branches other than the Judicial Branch. In their pleadings and other moving papers in this case, Plaintiffs have repeatedly, if somewhat obtusely, mentioned that a resolution of this case could involve the impeachment of President Obama. As outlined in Defendants Motion, questions of impeachment or removal from Office of a President are political questions because they are textually committed by the Constitution to branches of the government other than the Judiciary. See, e.g., United States Constitution Article I, § 2, cl. 5; Article I, § 3, cl. 6; U.S. Constitution Amendment XXV.

As outlined above, in previous filings with this Court, Plaintiffs have recognized the jurisdiction of Congress over issues which they seek to raise herein. Specifically, on August 20, 2009, Plaintiffs filed their "First Amended Motion for Issuance of Letters Rogatory, etc. et al." At page 3 thereof, Plaintiffs argued that granting of their Motion "might lead to an early

resolution by settlement <u>or transfer of these proceedings to the United States House of Representatives and Senate according to the procedures outlined in the Constitution</u>."  (emphasis supplied) Moreover, in their Opposition to the instant Motion, filed herein on September 21, 2009, Plaintiffs stated, at page 6 thereof the following:

> "If discovery is ever allowed in this case, it will be rapidly settled by the resignation <u>or impeachment of the President</u>."  (emphasis supplied).

These statements constitute a recognition by Plaintiffs that they do have remedies, through their elected officials, to redress their grievances herein, and a concession (whether knowingly or unknowingly) of Defendants' position that the issues sought to raised in this case constitute non-justiciable political questions.

Finally, as also set forth in Defendants' Reply Memorandum to the Opposition filed by Plaintiffs Drake and Robinson, it is Defendants' position that no single United States District Court has the power to try the question of whether a sitting President of the United States should be allowed to remain in Office.  If a court did have such power, the political life of this country would be exposed to chaos for months, or perhaps years.  If a court did have such power, anyone with a political agenda and a filing fee, could file an action or, indeed, multiple actions in any one of the 93 Judicial Districts in the United States, alleging, for various legal or factual reasons, that the President was not fit to serve. Such cases could subject the President to a barrage of discovery, and other pre-trial proceedings, not to mention trial in multiple

districts throughout the United States.  Moreover, where, as here, multiple cases in multiple districts throughout the United States seek adjudication of the same allegations regarding the fitness and qualifications of the President to continue to serve in Office, the danger of conflicting judgments from such courts is obvious.

In short, a holding that cases such as this are justiciable would create a virtual engine of destruction of our Constitutional system of separation of powers, and of the ability of the President to effectively function.

## VI.

### Plaintiffs' FOIA Claims Must Be Dismissed

In their Motion, Defendants argue that this Court lacks subject matter jurisdiction and Plaintiffs fail to state a claim for relief regarding their FOIA claims.  Defendants also argue that any and all FOIA claims or causes of action herein must be dismissed for improper venue.  In their Opposition, Plaintiffs for the first time identify a specific FOIA claim made by one Plaintiff: Pamela Barnett.  Except for Plaintiff Barnett, the Opposition essentially admits that no other Plaintiff has met the requisite legal test for exhaustion of administrative remedies required by the FOIA.  Although Plaintiffs make unsubstantiated assertions alleging exhaustion "as a practical and substantive matter" and cite "valiant efforts" to obtain documents, they nevertheless concede that those efforts "were not made formally under the rubric of FOIA . . ." (See Opposition at page 9, line 3). For the reasons set forth in Defendants' Motion to Dismiss, this concession is fatal to those FOIA claims.

Regarding the FOIA request made by Captain Barnett, it is

1  submitted that any FOIA claims made by her in this case must be
2  dismissed for improper venue.  As can be seen from the
3  correspondence from the Department of State to Plaintiff Barnett
4  regarding her FOIA request, attached as Exhibit A to Plaintiffs'
5  Opposition, Ms. Barnett lives in Sacramento, California, which is
6  not within the jurisdiction of the Central District of California.
7  Moreover, Plaintiffs have not alleged, nor could they allege, that
8  any documents sought by them are within the jurisdiction of the
9  Central District of California.  Accordingly, venue does not lie
10 for Plaintiff Barnett's claims.  See 5 U.S.C. § 552(a)(4)(B).

### VII.
### Defendants' Motion As To Secretaries Clinton And Gates, First Lady Michelle Obama, And Vice President Joseph Biden Should Be Granted For Lack Of Opposition

15     Defendants' Motion to Dismiss argued that, as to Secretaries
16 Clinton and Gates, the action should be dismissed for lack of
17 subject matter jurisdiction and failure by Plaintiffs to state a
18 claim for relief.  Additionally, the Motion argued that, with
19 respect to First Lady Michelle Obama and Vice President Joseph
20 Biden, the action must be dismissed for failure to state any claim
21 for relief whatever.  Plaintiffs have not seen fit to set forth any
22 opposition to these portions of Defendants' Motion.  Accordingly,
23 they should be granted for lack of opposition.
24 ///
25 ///
26 ///
27 ///
28 ///

# VIII.

## Conclusion

For the reasons set forth above, as well as those contained in Defendants' Motion, this action must be dismissed, in its entirety, for lack of subject matter jurisdiction and failure by Plaintiffs to state a claim for relief.

Respectfully submitted,

DATED: September 25, 2009

GEORGE S. CARDONA
Acting United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division

/s/ Roger E. West
ROGER E. WEST
Assistant United States Attorney
First Assistant Chief, Civil Division

/s/ David A. DeJute
DAVID A. DeJUTE
Assistant United States Attorney

Attorneys for Defendants