GEORGE S. CARDONA
Acting United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division
ROGER E. WEST (State Bar No. 58609)
Assistant United States Attorney
First Assistant Chief, Civil Division
DAVID A. DeJUTE (State Bar No. 153527)
Assistant United States Attorney
    Room 7516, Federal Building
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone:  (213) 894-2461/2574
    Facsimile:  (213) 894-7819
    Email: roger.west4@usdoj.gov
        david.dejute@usdoj.gov

Attorneys for Defendants


UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CAPTAIN PAMELA BARNETT, *et al.*, )<br><br>    Plaintiffs, )<br>                )<br>       v. )<br>                )<br>BARACK H. OBAMA, *et al.* )<br>                )<br>    Defendants. )<br>                )<br>                )<br>                )<br>                )<br>_____ ) | No. SACV 09-00082 DOC (ANx)<br><br>**DEFENDANTS' REPLY MEMORANDUM TO OPPOSITION FILED BY PLAINTIFFS DRAKE AND ROBINSON** |

**I.**

**Introductory Statement**

Plaintiffs Wiley Drake and Markham Robinson, through their counsel, Gary Kreep, timely filed their Opposition to Defendants' Motion to Dismiss.  As the following discussion will demonstrate, the Opposition fails to demonstrate that this Court has subject matter jurisdiction of this action, because it fails to establish that Plaintiffs have standing herein, or that this case presents justiciable questions.

In addition to the foregoing, these Plaintiffs utterly fail to address the following arguments made by Defendants:

(1) That this Court lacks subject matter jurisdiction over Plaintiffs' Quo Warranto claims;

(2) That this Court does not have subject matter jurisdiction of this action either under 42 U.S.C. § 1983 or 42 U.S.C. § 1988;

(3) That this Court lacks subject matter jurisdiction and Plaintiffs fail to state a claim for relief in re their FOIA claims;

(4) That this case must be dismissed as to Secretary Hillary Rodham Clinton and Secretary Robert M. Gates for lack of subject matter jurisdiction, and failure by Plaintiffs to state a claim for relief;

(5) That this case must be dismissed as to First Lady Michelle Obama and Vice President Joseph Biden because Plaintiffs have failed to state any claim against them at all.

It is submitted that Defendants' Motion should be granted, as to the aforementioned arguments, for lack of any opposition by these Plaintiffs.

1

1    Finally, the arguments made by these Plaintiffs, in large
2    measure, completely ignore the fact that Barack Obama is the
3    President of the United States and seek to treat him as simply a
4    candidate for the Office.  Try as they might, Plaintiffs cannot
5    conceal the fact that what they are really seeking in this case is
6    nothing less than a determination by this United States District
7    Court that President Obama should be removed from Office.  The
8    preposterous nature of this assertion is readily apparent.  No
9    single United States District Court has the power to try the
10   question of whether a sitting President of the United States should
11   be allowed to remain in Office.  As previously set forth in
12   Defendants' Motion, Plaintiffs have presented a non-justiciable
13   political question, committed by the very text of the Constitution
14   to Congress, which cannot be litigated in this, or any other court.
15   See Motion to Dismiss at pages 15-16, and cases cited therein.
16       As set forth in Defendants' Reply Memorandum To The Opposition
17   Filed By All Plaintiffs, Except Drake And Robinson (simultaneously
18   being filed herewith) if this Court were to hold that it had the
19   power to try the question of whether a sitting President of the
20   United States is fit or qualified to remain in Office, or whether
21   he should be removed from Office, the political life of this
22   country would be exposed to chaos.  If a court did have such power,
23   anyone with a political agenda and a filing fee, could file an
24   action or, indeed, multiple actions in any one of the 93 Judicial
25   Districts in the United States, alleging, for various legal or
26   factual reasons, that the President was not fit to continue to
27   serve.  Such cases could subject the President to a barrage of
28   discovery, and other pre-trial proceedings, not to mention trial in

2

1   multiple districts throughout the United States.  Moreover, where,
2   as here, multiple cases in multiple districts throughout the United
3   States seek adjudication of the same allegations regarding the
4   fitness and qualifications of the President to continue to serve in
5   Office, the danger of conflicting judgments from such courts is
6   obvious.

7        In short, a holding that cases such as this are justiciable
8   would create a virtual engine of destruction of our Constitutional
9   system of separation of powers, and of the ability of the President
10  to effectively function.

11                              **II.**

12  **Plaintiffs Utterly Fail To Establish That This Court Has Subject**
13            **Matter Jurisdiction Of This Action**

14       In their Opposition, at heading III, Plaintiffs assert that
15  "Because this case presents an issue regarding a Federal question
16  arising out of the Constitution, this Court has Subject Matter
17  Jurisdiction over the issues raised in this case, and the Court
18  should deny this ground for dismissal."  This argument completely
19  ignores the well-established legal doctrine that standing is a
20  necessary component of subject matter jurisdiction.  As the
21  discussion in Defendant's Motion to Dismiss demonstrated, and as
22  briefly discussed below, Plaintiffs clearly lack standing herein,
23  and this Court, therefore, has no subject matter jurisdiction.

24       Moreover, as outlined above in the introductory statement,
25  these Plaintiffs make no argument whatever in opposition to
26  Defendants' arguments that this Court lacks subject matter
27  jurisdiction over Plaintiffs' Quo Warranto claims, their claims
28  under 42 U.S.C. § 1983 and § 1988, their claims under FOIA, and

                                   3

1  claims against Secretaries Clinton and Gates, and First Lady

2  Michelle Obama and Vice President Joseph Biden.

3  **III.**

4  **These Plaintiffs Lack Standing**

5      In their Opposition, Plaintiffs Drake and Robinson alleged

6  that they satisfied the "injury-in-fact" component of the standing

7  doctrine.  Regarding Plaintiff Drake, Plaintiffs allege that he was

8  "the Vice-Presidential nominee for the American Independent Party

9  in the 2008 Presidential election <u>on the California ballot</u>."

10  (emphasis supplied) (<u>See</u> page 1 of Opposition at lines 6-8).

11  Regarding Plaintiff Robinson, it is alleged that he was a "pledged

12  Presidential elector for the American Independent Party in the

13  2008 Presidential election for the California ballot and is

14  currently the Chairman of the American Independent Party." (<u>Id</u>. at

15  lines 8-11).

16      Neither Plaintiff Drake nor Plaintiff Robinson has sustained

17  anything even remotely resembling the required "injury-in-fact,"

18  traceable to Defendants' conduct, to vest them with standing in

19  this case.  In the first place, as previously demonstrated in

20  Defendants' Motion to Dismiss, neither of these Plaintiffs  can

21  contend that Plaintiff Drake or the American Independent Party were

22  even on the ballot in enough states in the year 2008 to gain the

23  requisite 270 electoral votes to win the Presidential election.

24  Any "injury," therefore, sustained by them was no greater than that

25  of any other voter or concerned citizen.  As also demonstrated in

26  Defendants' Motion to Dismiss, such an injury is not sufficiently

27  particularized to constitute the requisite injury-in-fact necessary

28  to establish standing.

4

1    In their Opposition, Plaintiffs cite the case of <u>Hollander v.</u>

2  <u>McCain</u>, 566 F.Supp.2d 63 (D.N.H. 2008) for the proposition that a

3  candidate has standing to challenge the inclusion of an allegedly

4  ineligible rival on the ballot.  <u>Hollander</u> is inapposite to the

5  instant case for several reasons.  In the first place, the language

6  quoted by Plaintiffs from a case is not a holding, but rather, is

7  dictum.  The holding in <u>Hollander</u> was that the plaintiff, a voter,

8  lacked standing.  Secondly, the stated premise of the district

9  court's dictum that a candidate has standing to challenge the

10 inclusion of an allegedly ineligible rival on the ballot before the

11 election is that such inclusion "hurts the candidate's . . .

12 chances of prevailing in the election."  <u>Hollander v. McCain</u>,

13 <u>supra</u>, 566 F.Supp.2d at 68.  In the instant case, as noted above,

14 neither Plaintiff Drake nor the American Independent Party which

15 Plaintiff Robinson heads had any chance at all, mathematically, of

16 prevailing in the 2008 Presidential election.  Consequently, they

17 could not have been harmed by the alleged ineligibility of Barack

18 Obama.[1]  Lastly, of course, <u>Hollander</u> is distinguishable because it

19 involved questions regarding the fitness of a candidate to run for

20 Office, rather than the fitness of a sitting President to continue

21 in Office.

22     As established above, and as set forth in Defendants' Motion

23 to Dismiss, Plaintiff Drake and Robinson lack standing herein

24 _____

25     [1] Plaintiff Robinson also contends that he has been injured in his
    role as Elector "because the candidate he pledged to vote for . . .

26  did not have a fair competition." <u>Hollander</u>'s dicta makes clear that
    this claim does not allege an adequate injury-in-fact. <u>See</u> 566

27  F.Supp.2d at 68 ("that notion of 'competitive standing' has never been
    extended to *voters* challenging the eligibility of a particular

28  candidate" (emphasis in original)).

5

1  because the have not suffered the requisite concrete,

2  particularized, injury-in-fact sufficient to vest them with

3  standing.

4       Similarly, neither of these Plaintiffs can satisfy the

5  redressability requirement for standing.  In the first place, it

6  should be noted that Plaintiffs have couched their requests for

7  relief in this case in broad, vague, language.  The Prayer for

8  Relief in the First Amended Complaint is a model of unclear

9  pleading.  In the "Statement of the Case" in their Opposition

10  herein, Plaintiffs Drake and Robinson state that they "seek a

11  determination by this Court as to whether Defendant Barack Obama

12  has met all of the Constitutional requirements for eligibility for

13  the Office of President of the United States." (See Opposition at

14  page 1, lines 23-25).  As outlined previously in Defendants'

15  Motion, it appears that, in order to redress Plaintiffs' alleged

16  injuries herein, the Court would need to issue an injunction

17  against President Obama that, inter alia, would require him to

18  prove his eligibility and qualifications to be President of the

19  Untied States.  This Court cannot, consistent with the doctrine of

20  Separation of Powers, preside over a trial regarding the

21  President's eligibility and qualifications, nor could it issue any

22  injunction related thereto.  See, e.g., Newdow v. Bush, 355

23  F.Supp.2d 265, 280-283 (D.D.C. 2005), and cases cited therein.

24  Similarly, as outlined in Defendants' Motion, even if Plaintiffs

25  stated that they were only asking for a declaratory judgment from

26  this Court regarding the issue of the eligibility of President

27  Obama to continue to serve in Office, they also fail to satisfy the

28  redressability element, both because of the reasons set forth

6

1  above, and because any such judgment would be a legal nullity.  <u>Id</u>.

2     Plaintiffs also fail to satisfy the redressability element of

3  standing because this case presents non-justiciable political

4  questions.  In their Opposition, Plaintiffs utterly fail to address

5  the argument made by Defendants that the Twelfth and Twentieth

6  Amendments to the United States Constitution constitute a

7  "textually demonstrable commitment" (within the meaning of <u>Baker v.</u>

8  <u>Carr</u>, 369 U.S. 186, 217, 82 S.Ct. 691, 710, 7 L.Ed.2d 663 (1962))

9  of the issue of eligibility of a President to serve in Office to

10  the Congress.

11     Finally, it deserves repeating that the issues sought to be

12  raised by Plaintiffs in this case are non-justiciable political

13  questions for a series of very good reasons, which are summarized

14  in the Introductory Statement to this brief and succinctly set

15  forth by the United States Circuit Court for the District of

16  Columbia, in <u>Nixon v. United States</u>, 938 F.2d at 245 (D.C. Cir.

17  1991) <u>aff'd</u> 506 U.S. 224, 113 S.Ct. 732, 122 L.Ed.2d 1 (1992).

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

7

**IV.**

**<u>Conclusion</u>**

For the foregoing reasons, as well as those set forth in Defendants' Motion, this case must be dismissed, in its entirety, for lack of subject matter jurisdiction and failure by Plaintiffs to state a claim for relief.

Respectfully submitted,

DATED: September 25, 2009

GEORGE S. CARDONA
Acting United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division

/s/ Roger E. West
ROGER E. WEST
Assistant United States Attorney
First Assistant Chief, Civil Division

/s/ David A. DeJute
DAVID A. DeJUTE
Assistant United States Attorney

Attorneys for Defendants

8