*UNITED STATES JUSTICE FOUNDATION*
**GARY G. KREEP; SBN 066482**
**932 "D" Street, Suite 2**
**(Email: usjf@usjf.net)**
**Ramona, California 92065**
**Tel: (760) 788-6624**
**Fax: (760) 788-6414**

Attorney for Plaintiffs,
Dr. Wiley S. Drake and
Markham Robinson

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA (SOUTHERN) DIVISION**

| | |
|---|---|
| CAPTAIN PAMELA BARNETT, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BARACK HUSSEIN OBAMA, et al.,<br><br>Defendants | CIVIL ACTION NO: SACV09-00082-DOC (Anx)<br><br>**PLAINTIFFS' MOTION FOR SEVERANCE OR IN THE ALTERNATIVE LEAVE TO FILE AN AMENDED COMPLAINT**<br><br>DATE: October 5, 2009<br>TIME: 8:30 a.m.<br>CTRM: 9D<br><br>Hon. David O. Carter |

**INTRODUCTION**

Plaintiffs, Dr. Wiley Drake and Markham Robinson (hereinafter referred to as "PLAINTIFFS"), move this Court for a severance from all other Plaintiffs in this case or, in the alternative, for leave to file a Second Amended Complaint (hereinafter referred to as "SAC"). This motion is timely filed.

PLAINTIFFS believe that extraneous matters, not relevant to these proceedings, have been filed by Dr. Taitz herein, in both the initial Complaint and in the First Amended Complaint (hereinafter referred to as "FAC"). In order to

expedite a resolution on the merits of this constitutionally critical issue, it is necessary for PLAINTIFFS to focus on the Constitutional issues that are at the heart of this dispute. Towards that end, if the Court will not grant severance, PLAINTIFFS move the Court for leave to file SAC.

Dr. Taitz has argued for this Court to grant her request for a quo warranto motion. This request is not irrelevant to the Constitutional issues raised by PLAINTIFFS.

Further, Dr. Taitz has dedicated a large portion of both her Original Complaint and FAC to the issue of her Freedom of Information Act requests. Regardless as to whether her FOIA requests had previously been denied, such requests have no bearing on this case, nor on the Constitutional issues relevant to the instant proceeding, and, as such, only serve to complicate the issues raised by PLAINTIFFS.

Likewise, the Civil Rights arguments raised by Dr. Taitz do not have any bearing on PLAINTIFFS' claims against Defendant Obama, and, instead, have only detracted from the relevant issues raised herein.

In addition, PLAINTIFFS only have a constitutional claim against Defendant Obama. PLAINTIFFS take no issue with any of the other Defendants in this action, nor has any cause of action been made by Dr. Taitz against the other Defendants. Thus, due to the fact that none of the other Defendant's have anything to do with this case other than being named as Defendants by Dr. Taitz, PLAINTIFFS do not wish to pursue any claims against any Defendant other than Barack Obama.

Finally, PLAINTIFFS do not believe that Dr. Taitz will take any action herein other than to expand upon extraneous issues, such as discussed above, in direct contradiction to Judge Carter's instructions for her to narrow the issues to the most relevant herein, and, as a result, further delay and cloud resolution on the merits.

// //

// //

## REQUEST FOR SEVERANCE

Under the Federal Rules of Civil Procedure (hereinafter referred to as "FRCP"), "On motion or on its own, the court may at any time, on just terms, add or drop a party." FRCP 21. This severance is not limited to issues of misjoinder, as the Court may sever not only parties, but also claims. "The court may also sever any claim against a party." FRCP 21. Therefore, PLAINTIFFS hereby move this Court for severance from all other Plaintiffs in this action on the grounds that PLAINTIFFS' rights will be adversely affected by continued affiliation with co-Plaintiffs' counsel. The specific grounds for severance are as follows:

1 Dr. Taitz initially filed this case in PLAINTIFFS' names, without informing PLAINTIFFS that she was doing so. *See* Exhibit 1.

2 Because Dr. Taitz filed this case without PLAINTIFFS permission, and because PLAINTIFFS were not convinced of Dr. Taitz' competence, PLAINTIFFS sought to retain Gary Kreep to represent them in this matter. However, Dr. Taitz refused to sign the Substitution of Attorney provided to her by PLAINTIFFS, and, instead, filed a notice of dismissal on PLAINTIFFS' behalf. She therein mislead the Court, claiming that PLAINTIFFS personally told her that they wanted to be dismissed from the case, when they, in fact, neither wanted out of the case, nor spoke to Dr. Taitz about being dismissed from the case. *See* Exhibit 1.

3 This case was filed on January 20, 2009. However, Dr. Taitz failed to prosecute this case for over seven months, due to her failure to make proper service on the Defendants. This failure to prosecute prompted this Court to order Dr. Taitz to show cause why this case should not be dismissed for lack of prosecution on May 12, 2009. *See* Exhibit 2. The Court issued a second order to show cause why this case should not be dismissed for lack of prosecution on May 27, 2009. *See* Exhibit

3. Dr. Taitz has thus unduly delayed this case for months, which has harmed PLAINTIFFS' rights in this case.

4 The case was about to be dismissed for failure to prosecute, however, the Court noted Dr. Taitz' unsuccessful attempts to comply with the Court's order to show cause, and granted her an exception to serve the complaint on the Defendants. *See* Exhibit 4. However, despite being granted a second chance, Dr. Taitz still failed to serve Defendants until after Defendants filed their Notice of Failure of Plaintiffs stating that they had not yet been served. *See* Exhibit 5.

5 After a number of personal attacks were made by Dr. Taitz against Mr. Kreep in open court, at the hearing on September 8, 2009, Federal District Court Judge Carter ordered Dr. Taitz and Gary Kreep to meet in the hallway. During that meeting, Dr. Taitz said that, if Judge Carter allowed PLAINTIFFS to reenter the case, with Mr. Kreep as their representation, she would appeal that decision to the Ninth Circuit Court of Appeals. Drake Declaration.

6 On her blog, Dr. Taitz made an entry on September 15, 2009, where she suggested that Gary Kreep "only creates an illusion of fighting" this case and others like it. *See* Exhibit 6. She further claimed that Drake, Robinson and Kreep only have an interest in raising money with this cause and have only sought to be in this case "[n]ow, when there is a possibility of actual judgment, Drake and Robinson make a new deal with Kreep." *See* Exhibit 6.

7 On her blog Dr. Taitz posted an email on September 10, 2009 which stated that "Gary Kreep is undermining Orly's case and hurting the nation. It does not serve the interests of our cause to give this troublemaker a forum to spread more disinformation." *See* Exhibit 7.

8 PLAINTIFFS' case will be irrevocably injured if severance is not

granted, as continued association with Dr. Taitz will likely lead to the rights and claims of PLAINTIFFS being lost or at least severely damaged due to her actions, including, but not by the way of exclusion, her failure to be able to comply with court orders and court procedure.

9 Dr. Taitz has filed increasingly convoluted pleadings that do not adequately address the injury of PLAINTIFFS, nor do any thing but confuse the issues presented.

10 Dr. Taitz has also stated that "in good faith she cannot effectively work or cooperate with PLAINTIFFS' proposed counsel Gary G. Kreep..." *See* Exhibit 8.

11 Attached to her Notice of Filing Change of Address, Dr. Taitz submitted a letter to the Court in which she stated her intent to move the Court to Disqualify Gary Kreep from this case unless he were to voluntarily refrain from representing PLAINTIFFS in this case within 10 days. *See* Exhibit 9.

12 Dr. Taitz' actions have already resulted in this case barely avoiding dismissal, due to her inability to serve the Defendants with the initial paperwork. In addition, she continually insists that every aspect of this case be expedited, while delaying the case from going forward.

13 On page 1, line 27 through page 2, line 7, in her Opposition to Defendants' Motion to Dismiss, Dr. Taitz conceded an issue, that PLAINTIFFS fully briefed and argued in their Opposition. *See* Exhibit 10.

14 That PLAINTIFFS do not want to be unfairly prejudiced due to likely adverse actions caused by continued association with Dr. Taitz.

For these above listed reasons, PLAINTIFFS request that this Court grant PLAINTIFFS' motion for severance from all other Plaintiffs in this case, so that PLAINTIFFS' rights are preserved.

**REQUEST, IN THE ALTERNATIVE, FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

According to Federal Rule of Civil Procedure 15, "a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served…[o]therwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party." FRCP 15(a). Where leave of the court is sought, Rule 15 states, "[L]eave shall be freely given when justice so requires." Id. In Foman v. Davis, the Supreme Court held that [i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given." Foman v. Davis, 371 U.S. 178, 182 (1962). In Advanced Cardiovascular Sys., Inc. v. SciMed Life Sys., Inc., the Court stated that "the court must be very liberal in granting leave to amend a complaint," noting that "[t]his rule reflects an underlying policy that disputes should be determined on their merits, and not on the technicalities of pleading rules." Advanced Cardiovascular Sys., Inc. v. SciMed Life Sys., Inc., 989 F.Supp. 1237, 1241 (N.D. Cal. 1997).

As alleged in the initial complaint, Plaintiffs filed a Complaint for Declaratory Action, Injunction, and Common Law Writ of Alternate Mandamus. On January 20, 2009, Plaintiffs brought suit, alleging, in pertinent part, that Defendant Barack Obama does not meet the qualifications required for the Office of the President as specified by Article II, Section 1, Clause 5 of the United States Constitution. More specifically, Plaintiffs allege that Obama has not shown that he is a “natural born” citizen of the United States. Plaintiffs argue that there is evidence to show that the President was actually born in Kenya, and not Hawaii, thus making him ineligible to serve as President. Plaintiffs also argue that the Defendant Barack Obama was  citizen of Indonesia and has not gone through the proper immigration

procedures to regain his United States citizenship. Plaintiffs have since filed their First Amended Complaint, which adds to the original complaint.

As discussed above, PLAINTIFFS contend that Dr. Taitz has engaged in a pattern and practice of unreasonable delay and a preoccupation with irrelevant issues that detract from PLAINTIFFS' complaint against Defendant Barack Obama. PLAINTIFFS, therefore, seek to amend the complaint to narrowly develop and clarify the nature of PLAINTIFFS' complaint regarding this important Constitutional question of whether Defendant Barack Obama is eligible under the Constitution to serve in the office of President.

In her SAC, Dr. Taitz expanded upon her already lengthy complaint, in violation of Judge Carter's instruction to her that she narrowly focus the issues raised in this action. PLAINTIFFS' proposed Second Amended Complaint does not alter the underlying Constitutional claims set forth in the prior Complaints, nor does it include facts that are not already known to Defendants. Granting this request would be consistent with the "underlying policy that disputes should be determined on their merits, and not on the technicalities of pleading rules." Advanced Cardiovascular Sys., 989 F.Supp. at 1241. Given the aforementioned circumstances, it cannot be said that PLAINTIFFS' request reflects any "dilatory motive" on PLAINTIFFS' part, nor would allowing PLAINTIFFS' Motion For Leave To File A Second Amended Complaint impose any undue prejudice upon defendant SEC. Foman, 371 U.S. at 182. Similarly, there has been no undue delay by PLAINTIFFS in amending the complaint. Granting PLAINTIFFS' Motion For Leave To File A Second Amended Complaint would provide the Defendant and the Court with important and useful information, properly narrow the issues, and allow for a prompt resolution of this crucial case.

Given the fact that PLAINTIFFS' request to file a Second Amended Complaint would neither prejudice Defendants, nor delay or change any existing pleading, PLAINTIFFS' Motion in the Alternative For Leave To File A Second

Amended Complaint should be granted if PLAINTIFFS' motion for severance is denied.

DATED: October 1, 2009

Respectfully submitted,

*/s/ Gary G. Kreep*
GARY G. KREEP
UNITED STATES JUSTICE FOUNDATION

Attorney for PLAINTIFFS Dr. Wiley Drake and Markham Robinson