**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Case No.  SACV 09-0082 DOC (ANx)                                   Date: December 4, 2009

Title:    CAPTAIN PAMELA BARNETT, ET AL. V. BARACK H. OBAMA, ET AL.

PRESENT:         THE HONORABLE DAVID O. CARTER, JUDGE

    Lori Anderson                                    Not Present    
Courtroom Clerk                                         Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:    ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                            NONE PRESENT

PROCEEDING (IN CHAMBERS): DENYING PLAINTIFFS' AMENDED MOTION FOR RECONSIDERATION[90]

      Before the Court is Plaintiffs' Amended Motion for Reconsideration of Order to Dismiss under Rule 59E and Rule 60 ("Motion"), brought by all plaintiffs aside from Wiley Drake and Markham Robinson. The Court finds that the matter is appropriate for decision without oral argument. FED. R. CIV. P. 78; Local Rule 7-15.

      This action revolves around allegations that President Obama does not meet the qualifications required for the Office of the President, as specified by the natural born citizen clause found in Article II, Section 1, Clause 5 of the United States Constitution. Defendants moved to dismiss, and on October 29, 2009, the Court granted Defendants' motion in its Order Regarding Motion to Dismiss. Dkt. 89. The Court ruled that Plaintiffs failed to demonstrate Article III standing injury-in-fact and redressability requirements, that it was an improper venue for the District of Columbia *quo warranto* claims, and that Plaintiffs failed to state a claim with respect to their Freedom of Information Act and RICO claims. Plaintiffs now move for the Court to reconsider that ruling.

      Federal Rule of Civil Procedure 60(b) "provides for reconsideration only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void

judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *School Dist. No. 1J, Multnomah County v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (quoting *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991)).

These grounds are further limited by the Local Rules. Local Rule 7-18 provides that a motion for reconsideration of a decision may be made only on the following grounds: "(a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision." L.R. 7-18. Finally, the Local Rule states that "[n]o motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion." *Id*.

After reviewing the moving and opposing papers, the Court finds no factual, legal, or bias grounds upon which to grant the motion for reconsideration. Counsel largely repeats the same arguments made in her briefing and oral argument on the Motion to Dismiss, which is prohibited. To the extent that she does present new argument, it is without merit and does not meet the standard for reconsideration. The Court's ruling that it lacks jurisdiction, and that Plaintiffs have failed to state a claim on their remaining causes of action, stands.

The Amended Motion for Reconsideration is DENIED.

The Clerk shall serve this minute order on all parties to the action.