1  GEORGE S. CARDONA
   Acting United States Attorney
2  LEON W. WEIDMAN
   Assistant United States Attorney
3  Chief, Civil Division
   ROGER E. WEST (State Bar No. 58609)
4  Assistant United States Attorney
   First Assistant Chief, Civil Division
5  DAVID A. DeJUTE (State Bar No. 153527)
   Assistant United States Attorney
6       Room 7516, Federal Building
        300 North Los Angeles Street
7       Los Angeles, California 90012
        Telephone:  (213) 894-2461/2574
8       Facsimile:  (213) 894-7819
        Email: roger.west4@usdoj.gov
9              david.dejute@usdoj.gov

10 Attorneys for Defendants

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CAPTAIN PAMELA BARNETT, *et al.*, | No. SACV 09-00082 DOC (ANx) |
| Plaintiffs, | |
| v. | DATE: January 25, 2009<br>TIME: 10:00 a.m.<br>CTRM: 9 |
| BARACK H. OBAMA, *et al.* | |
| Defendants. | Hon. David O. Carter |

**OPPOSITION TO PLAINTIFFS' MOTION TO TRANSFER**

**OPPOSITION TO PLAINTIFFS' MOTION TO TRANSFER**

Plaintiffs' motion to transfer this civil action pursuant to 28 U.S.C. § 1404(a) is without merit and should be summarily denied.

Contrary to Plaintiffs' assertions, neither the undersigned counsel nor this Court have ever professed any belief that jurisdiction *is proper* in the District Court for the District of Columbia.  Instead, because the D.C. District Court is the only conceivable court with jurisdiction, this Court found that jurisdiction *is not proper* in the Central District of California. See Order of this Court dated October 29, 2009, page 26. Plaintiffs cannot twist a finding of lack of jurisdiction here into a finding that jurisdiction affirmatively exists elsewhere.

More fundamentally, Plaintiffs motion is untimely, as there is no longer any civil action pending before this Court.  This action has been dismissed in its entirety; the Plaintiffs' motion for reconsideration has been denied; and this Court has clarified that Its October 29th Order dismissing the action was with prejudice. There is no longer any extant action before the Court which can be transferred.

In addition, Section 1404(a) requires that the transfer be "in the interest of justice."  Even if there were a civil action pending before this Court capable of being transferred, which there is not, such a transfer would be contrary to the interest of justice.  Among other procedural and substantive defects, the D.C. Quo Warranto statute requires the United States as a party or, *by leave of Court*, the Plaintiffs to take the place of the United States.  The United States is not a party to this action, and

1

1  Plaintiffs have not been granted leave to take its place.  See D.C.
2  Code §§ 16-3501 to 16-3503.
3       Accordingly, this Court is respectfully requested to deny
4  Plaintiffs' motion to transfer.

                              Respectfully submitted,

DATED: January 5, 2010        GEORGE S. CARDONA
                              Acting United States Attorney

                                   */s/ Roger E. West*
                              _____
                              ROGER E. WEST
                              Assistant United States Attorney

                                   */s/ David A. DeJute*
                              _____
                              DAVID A. DeJUTE
                              Assistant United States Attorney
                              Attorneys for Defendants