ANDRÉ BIROTTE JR.
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division
ROGER E. WEST (State Bar No. 58609)
Assistant United States Attorney
First Assistant Chief, Civil Division
DAVID A. DeJUTE (State Bar No. 153527)
Assistant United States Attorney
    Room 7516, Federal Building
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone:  (213) 894-2461/2574
    Facsimile:  (213) 894-7819
    Email: roger.west4@usdoj.gov
        david.dejute@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| PAMELA BARNETT, ALAN KEYES, *et al.*, | No. SACV 09-00082 DOC (ANx) |
| Plaintiffs, | DATE: January 25, 2009<br>TIME: 8:30 a.m. |
| v. | CTRM: 9D |
| BARACK OBAMA, *et al.* | |
| Defendants. | Hon. David O. Carter |

**OPPOSITION TO PLAINTIFF'S RULE 60(b) MOTION**

**OPPOSITION TO PLAINTIFF'S RULE 60(b) MOTION**

**I**

**INTRODUCTION**

Plaintiff's motion is the last iteration in a long list of attempts to have this Court's Final Order dismissing the complaint reversed. Like all previous attempts, this too must fail.

Under the Federal Rules, Plaintiff's Rule 60(b) motion is untimely. Further, the claim is barred by res judicata.

This Court properly dismissed the complaint and the Ninth Circuit unanimously affirmed. Nothing contained in Plaintiff's motion raises any serious challenge to the dismissal of the complaint, and the motion should be summarily denied.

**II**

**PROCEDURAL AND FACTUAL HISTORY**

On January 20, 2009, Plaintiff Alan Keyes filed a complaint in this Court against President Barack Obama. See Docket No. 1. On July 15, 2009, Plaintiff filed a first amended complaint alleging a violation under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, *et seq.* ("RICO"). See Docket No. 22, ¶¶ 123-125.

On October 29, 2009, this Court dismissed the first amended complaint, including the RICO claim, with prejudice. See Docket No. 89, 27-28. On December 16, 2009, this Court clarified that its Order dismissing the first amended complaint was without leave to amend and with prejudice. See Docket No. 104. The Order dismissing the first amended complaint was affirmed by the Ninth Circuit. See Docket No. 129.

///

Approximately two and one-half years later, on August 13, 2012, Plaintiff filed this motion seeking reconsideration of the Court's Order on the ground of newly discovered evidence and requesting leave to file a second amended complaint asserting a single RICO claim against President Obama. See Docket No. 130, 2 ("Motion").

### III

### **PLAINTIFF'S MOTION SHOULD BE DENIED**

**A.    The Motion Is Untimely**

Plaintiff brings this motion pursuant to Federal Rule of Civil Procedure 60(b)(2), attaching as exhibits the purportedly newly discovered evidence.[1]  The Federal rules provide that an order may be set aside on the ground of "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed.R.Civ.P. 60(b)(2). The same Rule, however, places a time limit of one year on bringing such a motion. See Fed.R.Civ.P. 60(c)(1) (A motion under Rule 60(b)(2) must be made "no more than a year after the entry of the judgment or order or the date of the proceeding").

---

[1] Plaintiff's motion should be construed as a motion exclusively under Rule 60(b)(2), as that is the repeatedly stated ground, the motion solely addresses newly discovered evidence, and only the purportedly newly discovered evidence is attached.  Plaintiff makes a single passing reference to Rule 60(b)(6), which provides for relief from an order for "any other reason that justifies relief."  See Motion, 5.  Other than that passing reference, however, the motion is devoid of any ground other than that asserted under Rule 60(b)(2) and, as such, cannot avoid the one year time bar for bringing such a motion. American Ironworks & Erectors Inc. v. North American Construction Corp., 248 F.3d 892, 899 (9th Cir. 2001) (Rule 60(b)(6) will not obviate the one year bar for bringing a motion under Rule 60(b)(1), (2) or (3) where there exists "no justification for failing to file a timely motion for reconsideration").

In this case, much more than a year has passed between the entry of this Court's Order dismissing the complaint on December 16, 2009 and the filing of the instant motion on August 13, 2012. <u>Compare</u> Docket Nos. 104 and 130. Under the Federal Rules, the motion is untimely and should be dismissed on this ground alone. <u>American Ironworks & Erectors Inc. v. North American Construction Corp.</u>, 248 F.3d 892, 898-899 (9th Cir. 2001); <u>In re, Intl Nutronics, Inc. v. Isomedix, Inc.</u>, 28 F.3d 965, 969 (9th Cir. 1994) ("Rule 60(b) imposes a one-year limitations period").

Accordingly, this Court should deny the motion as time-barred.

**B.  The Motion Is Barred By Res Judicata**

The motion is also barred by the doctrine of res judicata, which bars a subsequent action based on a claim that previously was or could have been litigated in an earlier action between the same parties. <u>Montana v. United States</u>, 440 U.S. 147, 153, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979). Res judicata "treats a judgment, once rendered, as the full measure of relief to be accorded between the same parties on the same 'claim' or 'cause of action.'" <u>McClain v. Apodaca</u>, 793 F.2d 1031, 1033 (9th Cir. 1986) (internal citations omitted).

Here, all of the elements of res judicata are satisfied. The Plaintiff is the same; the defendant is the same; and the claim is the same. Indeed, Plaintiff acknowledges that the plaintiff, defendant and claim are all identical. <u>See</u> Motion, 2. Furthermore, a motion to dismiss operates as an adjudication on the merits. <u>In re Marino</u>, 181 F.3d 1142, 1144 (9th Cir. 1999) ("a dismissal with prejudice has res judicata effect"). Here, this Court's Order dismissing the first amended complaint with

prejudice, including the dismissal of the RICO claim, has been affirmed by the Ninth Circuit.

Plaintiff's only explanation for seeking leave to relitigate the RICO claim is based on counsel's failure to adequately plead RICO in the first amended complaint. See Motion, 2. This Court dismissed Plaintiff Keyes' RICO claim against President Obama on the ground that, despite the lapse of six months, Plaintiff still had not stated a RICO claim and finding that "[t]he failure to do so is inexcusable." See Docket No. 89 at 27. Inexcusable failure to sufficiently plead RICO despite the lapse of six months is not cured by the lapse of an additional two and one-half years. In any event, there can be no dispute that a RICO claim by this plaintiff against this defendant was or could have been pled and, accordingly, this claim is barred by res judicata. Montana, 440 U.S. at 153; McClain, 793 F.2d at 1033.

**IV**

**CONCLUSION**

Accordingly, based on the alternate and independent grounds that this motion is untimely brought under Rule 60(b) and further that Plaintiff's RICO claim is barred by res judicata, this Court is respectfully requested to deny Plaintiff's motion.

Respectfully submitted,

DATED: August 20, 2012
ANDRÉ BIROTTE JR.
United States Attorney

/s/ Roger E. West
/s/ David A. DeJute
ROGER E. WEST
DAVID A. DeJUTE
Assistant United States Attorneys
Attorneys for Defendants

4