Dr. Orly Taitz ESQ

29839 Santa Margarita PKWY, ste 100

Rancho Santa Margarita CA 92688

Counsel for Plaintiffs

## US DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Pamela Barnett, Alan Keyes, et al | ) Case No.: 09-0082 |
| Plaintiffs, | ) |
| vs. | ) Rule 60 motion |
| Barack Obama, et al | ) |
| Defendants | ) |
| | ) |
| | ) |

### REPLY TO OPPOSITION

**Plaintiffs are replying to the opposition to the motion for reconsideration for the Leave of Court to file a Second Amended Complaint as follows:**

# I. Defendants are shamelessly misrepresenting the statute and defrauding the court, for which their attorneys should be sanctioned

## Rule 60 b states as follows:

RULE 60. RELIEF FROM A JUDGMENT OR ORDER

(a) CORRECTIONS BASED ON CLERICAL MISTAKES; OVERSIGHTS AND OMISSIONS. The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

(b) GROUNDS FOR RELIEF FROM A FINAL JUDGMENT, ORDER, OR PROCEEDING. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

   (1) mistake, inadvertence, surprise, or excusable neglect;

   (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

   (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

   (4) the judgment is void;

   (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

   (6) any other reason that justifies relief.

(c) TIMING AND EFFECT OF THE MOTION.

   (1) *Timing.* A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

Plaintiffs specifically argued that Rule 60 motion should be granted under Rule 60 b(2) and (6)

Plaintiffs conveniently twisted the pleading and claimed that the motion is filed under rule 60b(2) and therefore it is untimely. However time limitation is only under rule 60 b1,2 and 3. There is no time limitation on Rule 60b(6).

Motion clearly includes 60 b(6). "any other reason that justifies relief". There is no time limitation on 60b(6). It can be filed 10 years after judgment and a 100 years after judgment.

At issue is the most serious crime ever to be committed against the United States of America, specifically usurpation of the U.S. Presidency by a foreign national,

Keyes et al v Obama Reply to Opposition to Motion for reconsideration2

1. citizen if Indonesia and possibly still a citizen of Kenya and Great Britain, Barack
2. Hussein Obama, who was able to get into the position of the U.S. Senator from
3. Illionis, U.S. President and currently a candidate for the 2012 election by virtue of
4. fraud, use of forged and fraudulently obtained IDs and a Racketeering scheme,
5. which involves corrupt high ranking officials of the U.S. government and the
6. government of the State of Hawaii.
7. <u>It serves justice</u> for the court to review the evidence provided and grant the leave of
8. court to file the Second Amended Complaint.
9. **<u>There is no other cause that would serve Justice more than ending the</u>**
10. **<u>usurpation of the U.S. Presidency and annexation and usurpation of the civil</u>**
11. **<u>rights of every American citizen due to the usurpation of the U.S. Presidency</u>**.
12. Defendants attorneys, who are assistant attorneys of the U.S. attorneys' office
13. clearly saw that Rule60b(6) was stated, they knew that under 60b(6) a Motion for
14. Reconsideration can be filed at any time, they simply provided a bogus argument
15. and defrauded the court by claiming that the motion is not timely and they should
16. be sanctioned for it.
17.
18. II. **<u>Defendants claim of "Res Judicata"- is a fraudulent statement</u>**
19.
20. "Res Judicata" is applicable, when the case is heard on the merits and adjudicated
21. on the merits. The issue of Obama's use of a forged birth certificate, forged
22. Selective Service certificate, stolen Connecticut Social Security number xxx-xx-
23. 4425, a name not legally his and the usurpation of the U.S. Presidency while being
24. a foreign citizen, was never adjudicated on the merits. Racketeering conspiracy of
25. several corrupt federal and state officials who are criminally complicit and are
26. aiding and abetting Obama and committing treason against the United States of
27. America, was never adjudicated on the merits.
28.

1. Neither Judge Carter nor any other judge in this nation ever received any valid
2. identification papers from Obama, which would refute evidence showing him
3. using all forged IDs. Obama failed to respond to any subpoenas and failed to
4. appear in court and failed to present his identification papers, even after a judge in
5. a similar case <u>Farrar v Obama</u> OSAH-SECSTATE-CE-1215136-60-MALIHI
6. ruled in favor of the plaintiffs and denied Obama's motion to quash subpoenas
7. issued by attorney Taitz.  Unfortunately, even though Obama arrogantly made a
8. mockery of the proceedings by the elections commissions and in one
9. aforementioned case in GA, never responded to subpoenas, never provided any
10. valid identification papers; the plaintiffs and the nation as a whole are yet to see
11. one single judge hold Obama and his accomplices accountable. 311 million
12. American citizens are denied Equal Protection and Equal Consideration, which is
13. gratuitously given to Obama.
14. This court dismissed this case not on the merits, but on a technicality, on standing,
15. ruling that after the election the candidates do not have standing to bring a
16. challenge to legitimacy of the president.
17. 9th Circuit court ruled on standing as well.

**REFUSAL TO GRANT A LEAVE OF COURT TO FILE A SECOND AMENDED COMPLAINT WILL REPRESENT A VIOLATION OF PLAINTIFF'S DUE PROCESS RIGHTS AND EQUAL PROTECTION RIGHTS UNDER A COLOR OF AUTHORITY**

22. Under the 14th Amendment citizens similarly situated have to be treated equally
23. and cannot be discriminated.
24. Under the 5th and 14th amendment citizens have to be given sufficient due
25. process.
26. Recently this court, Hon. Judge Carter granted Delegates to the Republican
27. National Convention an opportunity to file a Second Amended complaint, stating
28. that the First Amended complaint was not sufficiently pled. Delegates to the

1 Republican National Convention v Republican National Committee 12-00927
2 Judge David O. Carter presiding.
3 In the case at hand Plaintiffs argued that they had an extremely hard time
4 conducting discovery due to complete lack of cooperation from the Department
5 of Justice and other governmental agencies, as the case dealt with the forgery in
6
7 the identification papers of the sitting president. On 08.01.2009 Plaintiffs filed a
8 **SPECIAL MOTION FOR LEAVE TO CONDUCT PRE-RULE 26(f) DISCOVERY TO**
9 **DEFENDANT HILLARY RODHAM CLINTON and CERTAIN NON-PARTY**
10
11 **WITNESSES TO PERPETUATE TESTIMONY, PRESERVE EVIDENCE, and to**
12 **SPECIAL MOTION FOR LEAVE TO CONDUCT PRE-RULE 26(f) and**
13
14 **TRANSMIT LETTERS ROGATORY PURSUANT to 28 U.S.C. §§1781(a)(2)-(b)(2).** This
15 court denied it and Plaintiffs could not get all the necessary evidence at that time.
16 Currently new evidence became available which was submitted to this court with this motion.
17 Newly submitted evidence includes a sworn affidavit from Sheriff Joseph Arpaio attesting to
18 forgery in Obama's Birth certificate, Selective Service Certificate and Social Security Number.
19
20 This court allowed to file a Second Amended Complaint to Plaintiffs -Delegates to the
21 Republican Convention, whose complaint, if granted, would have benefited Barack Obama,
22 as it would be a disruption of the Republican convention. On the other hand as of yet,
23 Republicans were denied equal protection. Plaintiffs in this case were denied any discovery
24 whatsoever, the case was dismissed on standing, and now the defendants are seeking Res
25 Judicata in order to use this court as a tool, in order to bury forever the most serious
26
27 Racketeering act and the most serious crime, ever to be committed against the United States of
28 America.

As Your Honor is an appointee of the Democrat President Clinton, the public and the plaintiffs are deeply concerned that the due process and equal protection rights of the Plaintiffs are egregiously violated under the color of authority in order to promote narrow Democratic Party interests.

This is particularly important in light of the fact that the three judge panel of the 9th Circuit Court of Appeals by some type of a coincidence consisted of all three appointees of the same Democrat -President Clinton.

This court did not give the same consideration, did not grant the same due process and equal protection to Plaintiffs who challenged Obama, as it gave to the plaintiffs, whose action would indirectly benefit Obama.

Plaintiffs argue that this is a matter of National Security and outmost National importance.

Plaintiffs attach herein a letter from the California Attorneys' Bar. This letter was written in response to a complaint filed by attorney Orly Taitz in regards to actions of another attorney, Scott J. Tepper, who sought a judicial notice of a copy of alleged birth certificate of Obama, posted by Obama on WhiteHouse.gov. Taitz argued that Tepper had evidence of forgery of Obama's birth certificate and sought judicial notice, trying to use the court as a tool to legitimize and sanitize forgery. (just like defendants are trying to use this court to claim that RICO-Racketeering scheme involving Obama's forged identification papers was adjudicated on the merits, knowing that it was never adjudicated on the merits and Res Judicata does not apply). California Bar responded that this (referring to Obama's forged birth certificate) is a matter of National Security and needs to be heard by the court. Exhibit 1.

Recently Alabama Supreme Court heard a similar case. <u>McInnish v Chapman</u> 87140552 Alabama Supreme court. Unfortunately, the case was filed by a pro se

1. plaintiff, who mistakenly skipped the lower court and went straight to a higher
2. court to appeal the decision by the Secretary of State of Alabama Beth Chapman
3. to allow Obama on the ballot in light of his forged identification papers. While
4. the Supreme Court of AL had to dismiss the case due to lack of jurisdiction,
5. Supreme Court Justice Tom Parker wrote:
6. "*McInnish has attached certain documentation to his mandamus petition, which,*
7. *if presented to the appropriate forum as part of a proper evidentiary*
8. *presentation, would raise serious questions about the authenticity of both the*
9. *"short form" and the "long form" birth certificates of President Barack Hussein*
10. *Obama that have been made public.*" Id <u>McInnish v Chapman</u>  87140552
11. Alabama Supreme court. This confirms the assertion by the plaintiffs in the case
12. at hand that this is a case of great importance to National security, as it shows
13. that an individual occupying the position of the President and Commander in
14. Chief  is using identification papers, which "raise serious questions of
15. authenticity…"
16. As such granting a leave of court to file a Second Amended complaint in one
17. case and deny it in another similar case, represents a clear violation of Equal
18. Protection rights of the Plaintiffs.
19. III. <u>Defendants conveniently omitted the whole argument of different standing</u>

When the first amended complaint was dismissed, it was dismissed based on the standing of plaintiffs challenging the sitting President after the election. 9 th circuit confirmed on the same ground.

However, the court never reviewed the standing of one of the Plaintiffs, Alan Keyes, who was the runner up in the senatorial election. Justice was never served on the issue of Obama stealing that election and getting in the position of the U.S. Senator from Illinois based on fraud and use of forged IDs and while being a foreign national. The interest of Justice demands this court to grant the leave of court to file a Second Amended Complaint on RICO, a Racketeering scheme that allowed this fraud to take place. Additionally the court never considered the issue of Obama's possible run for the reelection. Currently Obama is running for the reelection. Even if one considers that no citizen can challenge a sitting president, there is no impediment to considering legitimacy of a candidate and a RICO, a racketeering scheme, which allows fraud during the presidential run.

Additionally the court can raise Rule 60 b motion at any time sua sponte. "The purport of each rule will
expose whether the rule touches on issues of power or waiver. Rule 60(b) concerns the maintenance and integrity of the courts and the efficient disposition of cases.[112] It codifies a court's equitable authority to give relief to judgments when appropriate and reinforces the proscription of fraudulent behavior.[113] Judges must be equipped with the tools to maintain the integrity of the courts, and Rule 60(b) is such a tool. Therefore, judges should be able to raise Rule 60(b) motions *sua sponte*."Henry Brownstein Public interest Law Journal 166 Vol 15.
FED. R. CIV. P. 60(b):This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment order, or proceeding, or to grant relief to a defendant

Keyes et al v Obama Reply to Opposition to Motion for reconsideration 8

not actually personally notified as provided in Title 28 U.S.C., § 1655, or to set aside a judgment for fraud upon the court." *Link*, 370 U.S. at 632.

## III RULE 60 (B) MOTION SHOULD BE REVIEWED IN FAVOR OF RESOLVING THE MATTER ON THE MERITS AND FAILURE TO GRANT A 60(B) MOTION MAY BE VIEWED AS AN ABUSE OF JUDICIAL DISCRETION.

It is ironic that while originally Obama did not respond to the complaint, this court pressured the Plaintiff's attorney to serve the U.S. attorneys' office with the complaint, so it will be heard on the merits. The merits of the case and particularly RICO were never heard. In SALAZAR v. CHAVEZ 20200722-CA in the Court of Appeals of Utah, the court stated: Because "[a] district court has broad discretion to rule on a motion to set aside a default judgment under rule 60(b) of the Utah Rules of Civil Procedure[,] . we review a district court's denial of a 60(b) motion [for] an abuse of discretion." Menzies v. Galetka, 2006 UT 81, ¶ 54, 150 P.3d 480 (citations omitted). Additionally, because rule 60(b) is equitable in nature, "a district court should exercise its discretion in favor of granting relief so that controversies can be decided on the merits." Id. Last, "a district court's ruling on a motion to set aside a default judgment must be based on adequate findings of fact and on the law." Id. ¶ 55 (internal quotation marks omitted). Factual findings are reviewed for clear error and conclusions of law are reviewed for correctness. See id.

There is no more important consideration of the interest of justice, than for this court to allow the Second Amended Complaint to be filed so the issue of the RICO scheme leading to the usurpation of the U.S. Presidency. As this court noted previously: "the nation needs to know, the military needs to know".

## CONCLUSION

Under Rule 60 (b) 6 "in the interest of Justice" and due to evidence showing Racketeering conspiracy perpetrated with the goal of the usurpation of the U.S. Presidency and massive elections fraud of the U.S. citizens during 2004 Senatorial contest in Illinois between plaintiff Keyes and Defendant Obama and due to evidence of elections fraud committed by candidate Obama during current ongoing Presidential election campaign

Motion for leave of Court to file a Second Amended complaint by Plaintiff Keyes on the cause of action for RICO should be granted.

Respectfully submitted,

/s/ Dr. Orly Taitz, ESq

counsel for Plaintiffs

08.27.2012

cc Congressman Darell Issa
Chairman
House oversight committee
2347 Rayburn House Office Building
Washington DC, 20515

cc Congressman Lamar Smith
Chairman of the House Committee
On the Judiciary
2409 Rayburn House Office Building
Washington DC, 20515

Public Integrity Section
Department of Justice
950 Pennsylvania Ave, NW
Washington DC 20530-0001

Inspector General
U.S. Department of Justice
Investigations Division
950 Pennsylvania Avenue, N.W.
Room 4706
Washington, DC 20530

Keyes et al v Obama Reply to Opposition to Motion for reconsideration10

due to evidence of elections fraud committed by candidate Obama during current ongoing Presidential election campaign

Motion for leave of Court to file a Second Amended complaint by Plaintiff Keyes on the cause of action for RICO

is GRANTED. Plaintiffs are given 30 days to file a Second Amended Complaint

Signed

_____

Honorable Davis O. Carter, U.s. District Judge

Dated

_____