UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No. SACV 09-0082-DOC (ANx)                                       Date: August 31, 2012
Title: PAMELA BARNETT, ET AL. V. BARACK OBAMA, ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

| NONE PRESENT | NONE PRESENT |
|---|---|

PROCEEDING (IN CHAMBERS): **DENYING PLAINTIFFS' RULE 60 MOTION FOR RECONSIDERATION**

      Before the Court is a Rule 60 Motion For Reconsideration (Docket 130) filed by Plaintiffs. The Court finds this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15.

      Plaintiffs' Motion for Reconsideration is, ultimately, a request to have Barack Obama declared ineligible to be President of the United States.[1] Their Motion for Reconsideration cites newly discovered evidence as the reason this Court should reconsider its order dismissing the Plaintiffs' case with prejudice. Mot. 5. What Plaintiffs cite as newly discovered evidence is highlighted by an affidavit from Joseph Arpaio, the Sheriff of Maricopa County, Arizona. *Id.* Sheriff Arpaio states in his affidavit that a "Cold Case Posse" of law enforcement volunteers has investigated the long-form birth certificate presented as President Obama's, and that "it is my belief that forgery and fraud was likely committed in

---

[1] Plaintiffs believe President Obama is ineligible to be president because "No Person except a natural born Citizen, or a Citizen of the United States, at the time of the Adoption of this Constitution, shall be eligible to the Office of President." U.S. Const. Art II, § 1, cl. 4. The Citizenship Clause in the Fourteenth Amendment has been held to confer citizenship on anyone born in the United States, no matter the citizenship of her parents. *United Stats v. Wong Kim Ark*, 169 U.S. 649, 650 (1898). Plaintiffs' contention is that President Obama's Hawaii birth certificate is a fake.

key identity documents including President Obama's long-form birth certificate, his Selective Service Registration card, and his Social Security number." Mot. Ex. 1.

### A. Procedural History

Plaintiffs' First Amended Complaint in this case was dismissed in 2009 without leave to amend and with prejudice. (Dockets 89 & 104.) That dismissal was affirmed by the Ninth Circuit. *Drake v. Obama*, 664 F.3d 774 (9th Cir. 2011). Plaintiffs now ask the Court to grant their Motion in order to allow them to bring one claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"). Mot. 2.

### B. Plaintiffs' Motion Fails Because The Motion Is Untimely, Because This Court Will Not Depart From The Law Of This Case, And Because Plaintiffs Reargue A Rejected Claim Of Standing

First, this Rule 60 Motion for Reconsideration is untimely because it was filed more than two and a half years after the dismissal of the First Amended Complaint. Second, the Motion to revive a RICO claim is barred by the law of the case. And third, Plaintiffs' standing argument was rejected by the Ninth Circuit.

#### i. This Rule 60 Motion Is Untimely

Plaintiffs invoke Federal Rule of Civil Procedure 60(b)(2), Mot. 5, which provides that an order may be set aside because of "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)."

As the Government notes, a motion under Rule 60(b)(2) must be made no more than one year after entry of "the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). This Court dismissed the Plaintiff's First Amended Complaint on October 29, 2009. After a request from Plaintiffs for clarification, the Court issued an Order on December 16, 2009, explaining that the dismissal was without leave to amend, and with prejudice. More than two and a half years later, Plaintiffs have filed their Motion.

Perhaps seeking to avoid the one-year bar under Rule 60(b)(2), Plaintiffs also invoke Rule 60(b)(6). Mot. 5; Reply 2. Rule 60(b)(6) gives a court broad power to relieve a party from an order for "any other reason that justifies relief," so long as the motion is made "within a reasonable time," Rule 60(c)(1). Such a power should only be applied in "extraordinary circumstances." *Liljeberg v. Health Services Acquisition Corp*, 486 U.S. 847, 864 (1988) (citing *Ackermann v. United States*, 340 U.S. 193, 199 (1950)). The text of Rule 60(b)(6) is clear that the court's power to provide relief is for any *other* reason, meaning a reason that is *not* contained within Rule 60(b)'s subsections (1) through (5). Thus if the reason for reconsideration is newly discovered evidence, subsection (b)(6) cannot rescue Plaintiffs

from the one-year bar.[2]  It is clear that Plaintiffs are moving for reconsideration on the basis of what they believe is newly discovered evidence to confirm their enduring belief that justice requires "ending the usurpation of the U.S. Presidency." Reply 3.  This Court declines to allow Plaintiffs to sidestep the requirement of Rule 60(b)(2) by invoking 60(b)(6), and finds this Motion is untimely.

### ii. The Law Of The Case Also Defeats This Motion

Even if Plaintiffs were not time-barred, they would run into a problem with the law of the case.  This Court made a final decision to dismiss Plaintiffs' RICO claim, with prejudice, because Plaintiffs had ultimately failed to set forth civil RICO allegations, after having plenty of time do so.  Order Re: Def. Mot. Dismiss 27.  The Court found that failure "inexcusable," *id.*, and the Ninth Circuit affirmed that dismissal, *Drake*, 664 F.3d at 786.  Plaintiffs' new motion is an attempt to revive the same claim within the same case.  The law of the case doctrine "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 619 (1983).[3]  This means this Court has the discretion to hold that it is "precluded from reconsidering an issue" that was previously "decided explicitly or by necessary implication" within the same case. *United States v. Lummi Indian Tribe*, 235 F.3d 443, 452 (9th Cir. 2000).

Plaintiffs, like the Government, argue in terms of res judicata.  They emphasize that their racketeering claim of "conspiracy of several corrupt federal and state officials who are criminally complicity and are aiding and abetting Obama and committing treason against the United States of America, was never adjudicated on the merits." Reply 3.  This Court declines to disturb its previous holding that the Plaintiffs had ample chance to bring a RICO claim, and that the claim has been dismissed with prejudice.

---

[2] *Liljeberg*, 486 U.S. at 864 n.11 ("'extraordinary circumstances' are required to bring the motion with the 'other reason' language and to prevent clause (6) from being used to circumvent the 1-year limitations period that applies to clause (1).  This logic, of course, extends beyond clause (1) and suggests that clause (6) and clauses (1) through (5) are mutually exclusive.")

[3] The Government invokes res judicata, "which bars a *subsequent action* based on a claim that previously was or could have been litigated in an earlier action between the same parties." Opp. 3 (emphasis added).  "It is clear that res judicata and collateral estoppel do not apply if a party moves the rendering court in the same proceeding to correct or modify its judgment." *Arizona*, 460 U.S. at 619 (citations omitted).  Nonetheless, the law of the case has the effect that the Government desires here, and similar principles underlie both res judicata and the more "amorphous" doctrine of law of the case. *Id.*

### iii. Plaintiffs' Standing Argument Is The Same One Rejected By The Ninth Circuit

To establish Article III standing, a plaintiff must make three showings: first, "injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (internal quotation marks and citations omitted).  Second, a plaintiff must show "a causal connection between the injury and the conduct complained of"—the injury has to be fairly traceable to the alleged action of the defendant. *Id.*  And, third, the plaintiff must show it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Id.* (internal quotation marks and citation omitted).

Plaintiffs make clear that their "motion for reconsideration is brought on behalf of Dr. Alan Keyes." Mot. 3.  Plaintiffs argue that "[s]tanding cannot be denied to Ambassador Keyes, as he was defrauded by Obama not only in the presidential run, but also in the senate run." Mot. 4.  These are references to Keyes' run for the Senate in 2004 and for the presidency in 2008. *See* Mot. 3-4.  This standing argument, based on alleged harms in past elections, was squarely rejected by the Ninth Circuit.  *Drake*, 664 F.3d at 783-84.  Because Plaintiffs simply revisit their rejected argument, their Motion for Reconsideration would also fail because Plaintiffs lack standing.

### C. Conclusion

For the reasons stated above, the Motion for Reconsideration is DENIED.

The Clerk shall serve a copy of this minute order on counsel for all parties in this action.